**Jessie Hayward JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40566.**

Court of Criminal Appeals of Texas.

July 26, 1967.

On Rehearing Oct. 25, 1967.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin; Henry Wade, Dist. Atty., Kerry FitzGerald, Asst. Dist. Atty., Dallas (on rehearing), for the State.

## OPINION

BELCHER, Judge.

The conviction is for burglary; the punishment, twelve years.

Sentence was pronounced and notice of appeal was given October 7, 1966.

The record on appeal has not been prepared and approved as required by Art. 40.09, Vernon's Ann.C.C.P.

 The endorsement of the presiding judge on the statement of facts, "examined, approved, and ordered filed as the statement of facts" in this cause on February 24, 1967, does not comply with the requirements of Art. 40.09(7), V.A.C.C.P., that the "entire record" be approved by the court.

The time for filing the defendant's brief does not begin to run until the approval of the record by the court. Art. 40.09(9), V.A.C.C.P.

The disposition of the appeal will be suspended to await the approval of the entire record and further proceedings which may be had in the trial court under Art. 40.09, supra, after such approval as though the record had not been filed in this court. Stoker v. State, Tex.Cr.App., 415 S.W.2d 923.

The appeal is abated.

## OPINION
## on STATE'S MOTION
## FOR REHEARING

WOODLEY, Presiding Judge.

Supplemental transcript has been received and filed which contains the order of the trial judge dated June 24, 1967, approving the record on appeal, and the certification of the clerk of the trial court showing that such order was duly and timely filed but inadvertently omitted from the record originally forwarded to this Court. The order abating the appeal is set aside.

No ground of error is set forth in a brief filed in the trial court as required by Art. 40.09(9) V.A.C.C.P., and the time allowed for filing such brief has expired.

We have examined the record and find nothing contained therein which we should consider as unassigned error under Section 13 of said Article 40.09.

No constitutional question is raised.

The State's motion for rehearing is granted and the judgment is affirmed.