**Gregg Eugene HARLESS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44170.**

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

Rehearing Denied Dec. 21, 1971.

———◆———

Abney & Burleson, by Phil Burleson and James A. Mills, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, States Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana, where the punishment was assessed at five years by the court following a guilty verdict.

The appellant's sole contention is that the trial court was in error in overruling appellant's motion to suppress evidence based upon an illegal search and seizure.

Officer Zapata, Dallas Police Department, narcotics investigator, along with State Narcotics Officer Joseph, had under surveillance, in Richardson, an area described by Officer Zapata as "an open area and there are some woods, it's wooded in some spots, but it's open, it's not developed,

it's just private roadways." Located eight or nine feet from the roadway was a plastic sack concealed from view which was the object of surveillance. Other officers had the area under surveillance prior to the arrival of these officers. Officer Zapata testified about an hour-and-a-half after they arrived, "we observed a foreign-made car drive up the little private road leading to where the plastic bag was, observed the car stop, the driver get out and go around the car and walk directly to the branches, remove the plastic bag and start back toward the car." When the officers started toward the driver (the appellant herein) in their automobile, the appellant looked up and dropped the bag and kept walking toward his car. The appellant was placed under arrest and the plastic bag was seized as evidence. The chemist who made the analysis testified the bag contained one pound of marihuana.

This court has held where defendant dropped narcotics on the ground and fled as the officers approached, the narcotics were not inadmissible on ground that they were the fruits of an illegal search and seizure. Hamilton v. State, Tex.Cr.App., 438 S.W.2d 814. See also King v. State, Tex.Cr.App., 416 S.W.2d 823; Jiminez v. State, Tex.Cr.App., 421 S.W.2d 910; Gonzales v. State, Tex.Cr.App., 461 S.W.2d 408.

The appellant concedes that an officer may seize what he sees in plain sight or open view or arrest therefor, but contends that the point and area of surveillance were private property and the knowledge of the crime obtained by the officer was the result of a trespass.

We cannot agree that the officers obtained their information as the result of a trespass. In United States v. Young (4th Cir. 1963), 322 F.2d 443, the court held there was no basis for finding that agents committed even a technical trespass as they observed illegal activities of the defendant from a position some 120 feet from the rear of defendant's house and barn. As in the instant case, there was no showing that

the place where the officers were positioned to conduct their surveillance was owned by the defendant. The arrest, search and seizure resulting from the officers' observation were held to be legal. See also Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898; Atwell v. United States (5th Cir. 1969), 414 F.2d 136.

The judgment is affirmed.

Opinion approved by the Court.