**Patrick Don TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46327.**

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

Wayne D. Meissner and John L. Foster, Austin, for appellant.

Robert O. Smith, Dist. Atty., and C. E. Clover, Jr., Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

# OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: marihauana. Punishment was assessed by the court at five years, probated.

The record reflects that on October 5, 1971, at approximately 8:00 P.M., Sgt. Bill Ligon of the Austin Police Department received information from a confidential informant that marihuana was being possessed and used at a house located at 4510 Avenue G, Austin. Acting on this information, Sgt. Ligon dispatched Sgts. Snyder, Freudenberg, and Breed, to the above address. Freudenberg drove to Avenue G and dropped off Snyder about one-half block away from the house at 4510 and then parked his car a block or so away.

Snyder walked past the house and noted the descriptions and license numbers of the vehicles at the residence. Snyder then walked between the houses located at 4510 Avenue G and 4512 Avenue G until he was opposite a window located on the side of the house at 4510. Apparently there were no blinds or curtains on this window. Looking through this window he observed appellant and two other persons. Appellant was filling a pipe with what appeared to be marihuana taken from a white plastic bag. The pipe was lighted and passed from appellant to the others, each person smoking the pipe after receiving it. Snyder also saw appellant "christen" the other two by touching them on the head with a "marihuana stalk."

Snyder testified that none of his observations were made from any part of the premises occupied by appellant and that he was at all times standing on the premises located at 4512 Avenue G.[1]

Snyder obtained permission from the owner of the house at 4512 to use the phone. While looking out a window of the residence at 4512, he observed the appellant go out of the house and get into a Dodge van. Snyder relayed the description and license number of the van, and the fact that it was occupied by a single white male carrying a white plastic bag of marihuana, to Sgt. Ligon. Ligon then transmitted this information to Freudenberg and Breed who stopped it and arrested the appellant. A search of the van revealed a white plastic bag of marihuana behind the driver's seat. A marihuana cigarette was found in appellant's shirt pocket.

■ Appellant contends in his first two grounds of error that the trial court erred in overruling his motion to suppress the evidence and in admitting into evidence the items seized. In essence, appellant urges that Snyder's looking into the window at 4510 Avenue G was a search that was an unreasonable invasion of privacy as protected by the Fourth and Fourteenth Amendments to the United States Constitution. We disagree. The evidence shows that, in fact, no search was conducted.

■ While it is true that the Fourth Amendment protects people and not places, what a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). A search means, of necessity, a quest for, a looking for, or a seeking out of that which offends against the law. This implies a prying into hidden places for that

1. It appears that there is a ten or twelve foot separation in the form of a driveway between the residence occupied by appellant (4510 Avenue G) and the residence from which Snyder observed the illegal activity (4512 Avenue G).

which is concealed. It is not a search to observe that which is open to view. Crowell v. State, 147 Tex.Cr.R. 299, 180 S.W.2d 343 (Tex.Cr.App. 1944). In Marshall v. United States, 422 F.2d 185(5th Cir. 1970), it is stated:

"A search implies an examination of one's premises or person with a view to the discovery of contraband or evidence of guilt to be used in prosecution of a criminal action. The term implies exploratory investigation or quest."

Appellant relies on State v. Gonzales, 388 F.2d 145 (5th Cir. 1968) for his contention that Snyder's observations were an illegal search. In that case, a police officer made three trips to the window of a private residence and peered through a window. On the third trip, the officer stood on a drain pipe to make his observations. The window in question had a curtain on it and the police officer went onto the property of the defendant. In the case at bar, Snyder never went onto the appellant's property and the window in question had no curtains or blinds on it. See also Thompson v. State, 447 S.W.2d 175 (Tex. Cr.App. 1969), cert. denied, 398 U.S. 912, 90 S.Ct. 1709, 26 L.Ed.2d 73; Brock v. United States, 223 F.2d 681 (5th Cir. 1955).

In Gil v. Beto, 440 F.2d 666 (5th Cir. 1971), three police officers went to a motel where the defendant was located. One of the police officers, who knew of the defendant's narcotic activities, obtained permission from the motel owner to use the cabin next to the defendant's to make some observations. After being in the next cabin for a while, one of the officers walked out on a common gravelway and looked through a window partially covered by old blinds. Upon seeing narcotics in the room, the officer then broke in the motel room and arrested the defendant. The U.S. Court of Appeals, in denying the defendant's writ of habeas corpus, stated:

"In *Gonzales* we granted the prayer for habeas corpus relief because police officers went on Gonzales' private property

without a warrant or probable cause and peered in his window. There we held that this unwarranted intrusion upon private property constituted an unreasonable search and that the evidence seized as a result should have been suppressed. *Gonzales,* however, is inapposite in a case such as this where police officers, who were on the grounds with the permission of the motel owner, stood in a common walkway and looked in an unobstructed motel cabin window. No Fourth Amendment rights are violated when police officers are lawfully on the premises and merely observe what is in plain view."

This court had previously stated, in affirming this same case (Gil v. State, Tex. Cr.App., 394 S.W.2d 810) the rule is that when one is so foolish as to leave his windows unsecured he may not complain if another observes an illegal act being committed therein. See also Giacona v. State, 372 S.W.2d 328 (Tex.Cr.App. 1963), cert. denied, 375 U.S. 843, 84 S.Ct. 92, 11 L.Ed. 2d 70, and Crowell v. State, supra.

In Johnson v. State, 469 S.W.2d 581 (Tex.Cr.App. 1971), police officers went to the defendant's apartment, knocked on the door, and when no one answered, looked through a window whose draperies were parted. They saw some stolen merchandise. In holding the officers' looking through the window not to be an illegal search, this court stated:

"Under this set of facts, we cannot say that appellants could 'reasonably assume that they were free from uninvited inspection through the window' and we must hold that no search protected by the Fourth Amendment occurred."

Harris v. United States 390 U.S. 234, 19 L.Ed.2d 1067, 88 S.Ct. 992 (1968); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924); Harless v. State, 473 S.W.2d 519 (Tex.Cr.App. 1971); Legall v. State, 463 S.W.2d 731 (Tex.Cr.App. 1971); El-

liott v. State, 450 S.W.2d 863 (Tex.Cr.App. 1970); United States v. Knight, 451 F.2d 275 (5th Cir. 1971), cert. denied, Grubbs et al v. United States, 405 U.S. 965, 92 S.Ct. 1171, 31 L.Ed.2d 240; United States v. Wright, 146 U.S.App.D.C. 126, 449 F.2d 1355 (1971), cert. denied, 405 U.S. 947, 92 S.Ct. 986, 30 L.Ed.2d 817.

Snyder was merely investigating a report of an offense being committed when he saw appellant committing the offense. We conclude, as did the Supreme Court of New Jersey in State v. Smith, 37 N.J. 481, 181 A.2d 761 (1962), that it is the duty of a policeman to investigate, and we cannot say that in striking a balance between the rights of the individual and the needs of law enforcement the Fourth Amendment itself draws the blinds the occupant could have drawn but did not.

 Appellant contends in his third and final ground of error that the trial court erred in admitting into evidence those items seized as a result of the warrantless arrest at a time when the officers initiating the arrest lacked sufficient probable cause to believe a crime had been committed. He urges that Freudenberg, who initiated the arrest and the subsequent search of his vehicle, lacked sufficient probable cause to do so without a warrant. We disagree. Freudenberg testified that Ligon called his unit and told him that the driver had come out of the house carrying a white plastic bag that he believed contained marihuana. Freudenberg was also given the license number of the vehicle.

In Browning v. State, 488 S.W.2d 801 (Tex.Cr.App. 1973), it is stated:

"The test for determining probable cause in this type of situation is the information known to the officer who requests another to make an arrest."

We also held, in Green v. State, 470 S.W. 2d 901 (Tex.Cr.App. 1971), that a radioed police broadcast reporting a felony and a description of the suspects, under the circumstances of that case, was sufficient to satisfy the requirement of probable cause under Article 14.04, V.A.C.C.P.[2] See also Brown v. State, 443 S.W.2d 261 (Tex.Cr. App. 1969).

We conclude that probable cause was shown for appellant's arrest (See Article 14.01, V.A.C.C.P.), and search.

There being no reversible error, the judgment is affirmed.

---

2. Article 14.04, V.A.C.C.P., provides: "Wh[en] it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is not time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."