**Bobby Lee LYNCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47578.**

Court of Criminal Appeals of Texas.

Nov. 21, 1973.

Rehearing Denied Dec. 19, 1973.

Emmett Colvin, Jr., and Lawrence B. Mitchell (On appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., and Wm. J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On August 28, 1970, appellant was convicted for the offense of embezzlement. His punishment was assessed by the court at two years, probated.

Among the conditions of probation was that appellant commit no offense against the laws of this or any other State or the United States.

On July 27, 1972, which was some 32 days before the term of probation expired, the assistant district attorney filed a motion to revoke probation. It alleged that on June 14, 1972, the appellant committed the offense of receiving and concealing stolen property.

The record is silent as to any order of the court for the arrest of appellant or the setting of a hearing.

Hearing was held on November 3, 1972, after the term of probation had ended.

The State relies upon Bobo v. State, Tex.Cr.App., 479 S.W.2d 947, wherein this Court, citing Ex parte Fennell, 162 Tex.Cr.R. 286, 284 S.W.2d 727, held that where the violation occurs and a warrant issues within the probationary period and the hearing is not, thereafter, unduly delayed, the court has authority to revoke probation though the term has expired before the order is entered. See Bryant v. State, Tex.Cr.App., 496 S.W.2d 565.

The fact that no warrant or capias is shown to have issued during the term of probation distinguishes the case before us from Ex parte Fennell, supra. See Coffey v. State, Tex.Cr.App., 500 S.W.2d 515 (1973).

Pollard v. State, 172 Tex.Cr.R. 39, 353 S.W.2d 449, sustains appellant's contention and requires reversal.

The order revoking probation is reversed and the cause is remanded.

## OPINION ON STATE'S MOTION FOR REHEARING

ROBERTS, Judge.

The original opinion reversed the order revoking probation because the record did not reflect that a warrant or capias was issued during the term of probation. The State has now brought before this Court a copy of a warrant which does appear to have been issued during the appellant's probationary term. The State would have us consider this "Supplemental Transcript" and affirm the order revoking probation.

We feel compelled to write on this motion, as this Court infrequently has the opportunity to state its position on the consideration of supplemental matter brought up on appeal. In 1961, the Court stated that the only means by which a transcript might be *completed* (referring to a missing notice of appeal) was by supplemental transcript duly prepared and forwarded by the clerk of the trial court directly to the clerk of this Court. Morales v. State, 345 S.W.2d 537 (Tex.Cr.App.1961).

Clewis v. State, 415 S.W.2d 654 (Tex.Cr.App.1966) and Davis v. State, 499 S.W.2d 303 (Tex.Cr.App.1973) are both instances where belated transcripts reflecting the trial court's finding of voluntariness of a confession were considered by this Court. Similarly, in Johnson v. State, 420 S.W.2d 728 (Tex.Cr.App.1967), an appeal was reinstated after the trial judge entered an order approving the record. Thus, it is apparent that consideration will often be given to additional matters forwarded to this Court where the supplemental material represents a finding, conclusion or order by the trial judge himself.

However, where the absence of material from the record is occasioned by the oversight or non-objection of the accused, it has generally been held that any error in the record has been waived. Art. 40.09(2) and (7), Vernon's Ann.C.C.P., state:

"2. *Each party* may file with the clerk a written designation specifying matter for inclusion in the record. The failure of the clerk to include designated matter will not be ground for complaint on appeal if the designation specifying such matter be not filed with the clerk within sixty days after notice of appeal is given." (Emphasis added)

\* \* \* \* \* \*

"7. Notice of completion of the record shall be made by the clerk by certified mail *to the parties* or their respective counsel. If *neither* files and presents to the court in writing any objection to the record, within fifteen days after the mailing of such notice and if the court has no objection to the record, he shall approve the same. If such objection be made, or if the court fails to approve the record within five days after the expiration of such fifteen-day period, the court shall set the matter down for hearing, and, after hearing, shall enter such orders as may be appropriate to cause the record to speak the truth and the findings and adjudications in such orders, if supported by evidence, shall be final. In its discretion, the court may require the

attendance of the defendant at such hearing. Such proceeding shall be included in the record, and the entire record approved by the court." (Emphasis added)

See the cases of East v. State, 420 S.W.2d 414 (Tex.Cr.App.1967) and Weedon v. State, 501 S.W.2d 336 (Tex.Cr.App.1973) for the proposition that non-objection to the record equals approval of the matters contained therein.

 We are unwilling to create a second standard for the use of the State, when it overlooks certain matters in the record, but fails to object thereto. The rule applies with equal force to both the accused and the prosecution. Therefore, we decline to consider the "Supplemental Transcript" as part of the record properly before this Court. Accordingly, the State's motion for rehearing is denied.