Gilberto A. GUZMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48825.

Court of Criminal Appeals of Texas.

April 2, 1975.

Rehearing Denied April 23, 1975.

Sam A. Westergren, Jr., Corpus Christi (On appeal only), for appellant.

William B. Mobley, Jr., Dist. Atty., John M. Potter, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The conviction was for burglary of a private residence at night; the punishment, ten years' imprisonment.

In his third ground of error, appellant challenges the sufficiency of the evidence to sustain the conviction.

Mrs. Pauline Lynch testified she awoke early in the morning on February 7, 1971 and observed a man burglarizing her home. At this time, she sat up in bed and "froze," staring at the man for some time. From the street-light shining through the open bedroom windows and the light from the bathroom, she could clearly see the man's face. Having observed the man for several minutes, she was able to describe him to the police. The description was relayed to the dispatcher who broadcast it to other units in the area. The burglar was described as a man wearing a brown corduroy jacket and blue jeans, dark hair, and running toward Omaha Street. The arresting officers received the message, went to Omaha Street two blocks from the complaining witness' home, and observed a man fitting the description. After the officers stopped the appellant and radioed in that they had a subject fitting the dispatcher's description, the dispatcher gave the description of a knife that was taken from the Lynch residence. At this time, the officers conducted a search for a yellow pocket knife with an acid stain which was found in appellant's possession. Later at trial, Mrs. Lynch identified the appellant as the man in her home on the night of the burglary.

From the foregoing, it is apparent that there was ample evidence to sup-

port the verdict. When the sufficiency of the evidence is challenged, this Court must review the evidence in the light most favorable to the verdict. Resendez v. State, 495 S.W.2d 934 (Tex.Cr.App.1973). The evidence was sufficient to conclude that appellant was the guilty party.

Appellant's third ground of error is overruled.

■ Appellant next contends as a ground of error that the trial court erred in admitting into evidence the pocket knife seized as a result of the warrantless arrest at a time when the arresting officers lacked probable cause. It is his position that the officers did not have knowledge that a crime had been committed nor the description of appellant or the pocket knife when the search was conducted. The record is replete with evidence that the police proceeded to the vicinity in response to a description broadcast by the dispatcher. Upon observing the appellant matching the description, they stopped him and radioed back to the dispatcher who told them of the knife. At this time, the search was conducted which produced the item in controversy. Similar facts have been presented to this Court before in Turner v. State, 499 S.W.2d 182 (Tex.Cr.App.1973); Browning v. State, 488 S.W.2d 801 (Tex. Cr.App.1972); Green v. State, 470 S.W.2d 901 (Tex.Cr.App.1971); Brown v. State, 443 S.W.2d 261 (Tex.Cr.App.1969). Therein, we have held that radioed police broadcasts, based on probable cause, reporting a felony and a description of the suspect were sufficient to satisfy the requirement of probable cause under Art. 14.04, Vernon's Ann.C.C.P. Under the circumstances described, the officers clearly were authorized to arrest the appellant. The search incident to that arrest was clearly authorized and the fruits thereof were admissible into evidence. We conclude that probable cause was shown for appellant's arrest and search.

■ In appellant's fourth ground of error, complaint is made of the State's questioning of prosecution witness Ray Lynch. The objectionable segment of examination is as follows:

"Q [Prosecutor] Mr. Lynch, I have about two or three little areas that I'd like to clear up with you and then we can let you go. Mr. Lynch, did you ever at any time give this Defendant, Mr. Gilbert Guzman, consent to be in your home?

"A [Mr. Lynch] No.

"Q [Prosecutor] Have you ever given him consent to take any of your property from your home?

"A [Mr. Lynch] No.

"Q [Prosecutor] Did you ever know him prior to this occurrence?

"A [Mr. Lynch] No."

[At this point, defense counsel interposed objection on the grounds that the form of the questions assumed controverted facts and was overruled by the judge.]

Appellant maintains the controverted fact assumed is that of the identity of the appellant. The merits of this argument need not be reached because of appellant's failure to timely object. All three questions were asked and answered before appellant objected. It is fundamental that a timely objection to inadmissible evidence be urged at the first opportunity. E. g., Martinez v. State, 504 S.W.2d 897 (Tex.Cr.App. 1974); Cooper v. State, 500 S.W.2d 837 (Tex.Cr.App.1973); Sierra v. State, 482 S.W.2d 259 (Tex.Cr.App.1972); Evans v. State, 445 S.W.2d 180 (Tex.Cr.App.1969). This was not done; but even assuming timely objection had been made, such contentions are without merit. There is no controverted fact assumed in proffering these questions. These are elements of the offense which must be proven in order to sustain a conviction. To deny the State an opportunity to ask such questions would be to effectively deny it the ability to prove

its case. Accordingly, we overrule the ground of error.

■ Lastly, appellant complains the trial court erred in failing to comply with the mandatory provisions of Art. 26.04(b), V. A.C.C.P. He maintains there was no waiver of the 10-day period allowed for trial preparation. The record reflects appellant was originally indicted for burglary on May 24, 1973. This indictment was dismissed on July 5, 1973 and a new indictment was presented the same day for burglary of a private residence at night. The allegations in both indictments are almost identical, the only difference being the inclusion of the additional elements that the burglary occurred at night and a "private residence" rather than a "house" was burglarized. Four days later on July 9, 1973, the case went to trial and appellant's appointed counsel filed a motion waiving the 10-day period to prepare for trial. This motion included a statement that he had been prepared to go to trial for several months. The defect complained of is that the appellant's signature was not actually included in this motion. This issue was not brought to the trial court's attention but raised for the first time on appeal.

The problem presented in this case is very similar to the one faced by this Court in Hayles v. State, 507 S.W.2d 213 (Tex. Cr.App.1974).[1] The difference in the two indictments is negligible and in no way affected appellant's defense presented at trial. In fact, it is curious that while appellant complains he should have been allowed the mandatory 10 days to further prepare for trial, his defense was based on Mrs. Lynch's impaired ability to accurately identify the appellant as the burglar in her home two and one-half years ago because of the long passage of time. Another facet of his defense was that one of the arresting officers is since deceased and unable to testify. We fail to see how either of these would be affected by allowing additional time for trial preparation.

It cannot be contended that there was insufficient time to prepare for trial. Appellant's attorney in his motion waiving the 10-day period states, "Having been prepared for a trial involving this transaction for several months prior to this proceeding . . . ." In appellant's motion to have appointed counsel discharged for being incompetent, he admits to having had five other attorneys represent him on this same case. From the record, present counsel had been appointed for two and one-half months. In addition, appellant had filed a motion for speedy trial less than two weeks before trial. This Court has emphasized the importance of adequate time to prepare for trial interpreting Art. 26.04(b), V.A.C. C.P. Cobb v. State, 503 S.W.2d 249 (Tex. Cr.App.1974); Carter v. State, 480 S.W.2d 735 (Tex.Cr.App.1972); and Meeks v. State, 456 S.W.2d 938 (Tex.Cr.App.1970). In Meeks v. State, supra, this Court said:

> "The purpose of article 26.04(b), V.A.C. C.P. is clearly to guarantee to an indigent accused that he and his court appointed attorney will have a reasonable time in which they can prepare a defense. In the present case, it is clear from the record that appellant's counsel had three months in which to prepare for trial."

We can only conclude as in Hayles v. State, supra, the facts do not support a reversal.

■ There is also an additional problem of the State filing materials designated for

---

[1]. Both cases came from the same district court in Nueces County and were tried by the same prosecutor. It is noteworthy that the instant case was tried before our opinion in Hayles v. State, supra, was rendered. In Hayles v. State, supra, the appellant was indicted for robbery with a *shotgun*. The indictment was dismissed and he was re-in-

dicted for robbery with a *pistol*. Five days later, the case went to trial without any waiver whatsoever. We held that the attorney had more than the 10 days required by law in which to prepare his defense and the minor change in the indictment did not alter that fact.

inclusion in the record. The material included the prior indictment and all motions and orders involving it.[2] Appellant maintains this material is not timely filed and therefore not properly before us for review. We disagree. Notice of appeal was given on August 28, 1973 and the record was approved some four months later by the judge on December 26, 1973. The material in question was filed some six months after the notice of appeal on February 25, 1974.[3] It was ordered included in the record two months later, April 24, 1974. The final order for the appeal to proceed was signed by the judge two weeks later on May 7, 1974. Appellant relies on Art. 40.09, Sec. 2, V.A.C.C.P., which provides:

"Each party may file with the clerk a written designation specifying matter for inclusion in the record. The failure of the clerk to include designated matter *will not be ground for complaint on appeal* if the designation specifying such matter be not filed with the clerk within sixty days after notice of appeal is given." (Emphasis added)

Here, the material designated for inclusion in the record was not filed with the clerk within sixty days but some six months after notice of appeal. The material was filed and ordered included in the record by the trial judge. Art. 40.09, Sec. 2, refers only to the situation where the clerk fails to include the designated material and not where the material is, in fact, included. All the statute says is that if the request is not timely filed and the clerk refuses to include it, it cannot be complained of on appeal. In the present case, the material was included and clearly is not within the purview of Art. 40.09, Sec. 2.

After considering the other sections of Art. 40.09, V.A.C.C.P., it is clear that the statute does not contemplate the situation at bar. The statute directs that matters designated by the parties shall be included in the record, Art. 40.09, Sec. 1, V.A.C.C.P., and that failure to request the inclusion of these matters within sixty days after notice of appeal is given will not be ground for complaint, Art. 40.09, Sec. 2, V.A.C.C.P. Section 7 of Art. 40.09 provides for the record to be approved. If objections are made to the record then the court shall conduct a hearing and enter such orders as may be appropriate to cause the record to speak the truth. Such findings and adjudications, if supported by evidence, shall be final. Although Sec. 7 provides for the procedure for approving the record, it is silent as to the instant situation. In the case at bar, there was no objection, no hearing, nor findings or adjudications to become final as provided in Art. 40.09, Sec. 7. The controversy arose because of a supplemental or subsequent approval of the record once it had already been approved by the court without objection from either party. The question succinctly put is whether the State waived the right to have the designated matters included in the record by failure to object within the prescribed fifteen day period after notice of completion of the record was mailed. We think not. The recent case of Heck v. State, 507 S.W.2d 737 (Tex.Cr.App.1974) involves a situation concerning a supplemental approval of the record. In that case, the record was approved without a statement of facts and without objection. Six months later a statement of facts was filed and approved. This Court held:

"We find the trial court's order of July 23, 1973, directing that the transcription

2. The record of this case, even when considered without the materials in question, reveals that there were numerous references to the previous indictment and the motions pertaining thereto. In fact, the first order of the trial judge after the case was called was to dismiss the prior indictment and have the 10-day requirement to prepare for trial waived.

3. It appears from the record, one of the primary reasons for late filing of this material was because of the appellant's motion for extension of time to file his brief. Appellant's brief was due on January 25, 1974 and an extension of time was granted until February 23, 1974. Two days later, the State requested the designated materials be included in the record.

of the court reporter's notes be included in the record on appeal done long *before the appellate record was transmitted to this Court* constituted a supplemental approval of the record." (Emphasis added)

Althtough Heck v. State, supra, deals with a supplemental approval of the statement of facts rather than matters designated for inclusion in the record, we feel both situations are controlled by the same rationale. In both instances, the supplemental approval occurs well before the record is filed in this Court. Both Art. 40.09, Sec. 4 and Sec. 7, clearly indicate the legislative intent that the trial judge be afforded limited discretion in these regards, so that the statement of facts and the record shall "speak the truth." Furthermore, we note that the case was still within the jurisdiction of the trial court until thirty days after filing of the state's brief. See Webb v. State, 449 S.W.2d 230 (Tex.Cr. App.1969); McGee v. State, 445 S.W.2d 187 (Tex.Cr.App.1969). It cannot be said that the trial judge abused his discretion in permitting the State to have this material placed in the record. If in the judge's discretion, the designated material has been refused, then by virtue of Art. 40.09, Sec. 2, V.A.C.C.P., the State would have been precluded from complaining. The fact the materials were allowed included while the cause was still in the trial court's jurisdiction cannot, in and of itself, be said to be an abuse of discretion without more being shown. This situation is clearly distinguishable from those cases involving an attempt to file a supplemental transcript once the trial court has lost jurisdiction and the appeal is pending before this Court. E. g., Lynch v. State, 502 S.W.2d 740 (Tex.Cr. App.1973). However, in Davis v. State, 499 S.W.2d 303 (Tex.Cr.App.1973), this Court permitted a supplemental transcript from the trial court to be filed for the purposes of rehearing after the original opinion was delivered. There not only had the trial court lost its jurisdiction of the case, but waited until the original opinion was published before preparing additional matters for consideration by this Court. We need not strain the construction of our statutes as far in order to hold the materials in the case at bar to be properly before us.

Furthermore, we express additional concern about the lack of opportunity afforded the prosecution to respond to appellant's contentions. In the present case, no complaint was made about the 10-day waiver on re-indictment at trial or the motion for new trial but was raised for the first time in appellant's brief. At the first opportunity, two days later, the State produced materials designated for inclusion in the record. To hold that such materials could not be included by a supplemental approval of the record in the discretion of the trial judge would be to effectively deny the prosecution the opportunity to rebut a ground of error presented by the appellant. Compare Green v. State, 510 S.W.2d 919 (Tex.Cr.App.1974) which dealt with the presumption of harm arising when the jury has separated after being charged without the consent of the defendant. There where complaint was made for the first time on appeal and not raised in the motion for new trial or at trial, this Court reasoned:

". . . , the State was denied even the opportunity of showing any erroneous separation was harmless."

We feel such rationale is controlling in the instant case. The facts here presented are far more compelling to permit the State at least the opportunity to respond to appellant's contentions. In Green v. State, supra, the State was to be afforded the chance to show the "presumed harm" could possibly have been harmless. Such a procedure serves the salutary purpose in preventing the prosecution from being "sandbagged" and in preventing unnecessary reversals. Cf. Seefurth v. State, 422 S.W.2d 931 (Tex.Cr.App.1967). In fact, to hold otherwise would be to place an intolerable burden on the prosecution offices to hire a battery of attorneys to comb each record after its completion in order to anticipate

possible grounds of error that might be raised by the defendant. The administration of justice is not a game where the parties seek to maneuver each other into unwitting mistakes. Accordingly, we find the record properly before us.

■ Appellant is correct in his assertion that burglary and burglary of a private residence at night are distinct offenses. In fact, Art. 1391, Vernon's Ann.P.C., specifies the two are distinct. Yet, we cannot overlook the fact that the new indictment was for the same transaction with identical facts. The variance between the allegations in the two indictments as previously discussed is minimal. We cannot escape the realization that the State had to prove the exact same facts relied on in the first indictment. If anything, the burden of the State was enhanced under the new indictment. The defenses raised by appellant in the trial court are in no way affected by the minor change in the indictment; nor is trial preparation affected in any respect. Also, the defense motions under the prior indictment were accepted under this indictment without objection from the State. In light of the foregoing discussion, it is clear that the facts of the instant case do not warrant reversal. However, we must stringently admonish trial judges to avoid this predicament. We do not intend to invite dismissals of indictments and re-indictments without allowing counsel 10 days in which to prepare for trial. The holding of this case is strictly limited to the facts presented. Appellant's final ground of error is overruled.

The judgment is affirmed.

ODOM, Judge (dissenting).

The conclusion of the majority that the trial court may order any new matter requested by the State to be included in the record at any time before the record is filed in this Court is wrong, and unsupported by the statutes.

The majority assert that the provisions of Article 40.09, Sec. 7, V.A.C.C.P., "clearly indicate the legislative intent that the trial judge be afforded limited discretion in these regards . . . ." Article 40.09, Sec. 7, supra, in fact reads:

"Notice of completion of the record *shall* be made by the clerk by certified mail to the parties or their respective counsel. If neither files and presents to the court in writing any objection to the record, within fifteen days after the mailing of such notice and if the court has no objection to the record, he *shall* approve the same. If such objection be made, or if the court fails to approve the record within five days after the expiration of such fifteen-day period, the court *shall* set the matter down for hearing, and, after hearing, *shall* enter such orders as may be appropriate to cause the record to speak the truth and the findings and adjudications in such orders, if supported by evidence, *shall* be final. In its *discretion*, the court *may* require the attendance of the defendant at such hearing. Such proceeding *shall* be included in the record, and the entire record approved by the court." (Emphasis added.)

It will be seen that the only discretion left to the trial judge by the terms of this provision is whether the defendant's attendance at the hearing will be required. Once the record has been approved, whether after hearing or not, the operation of this section has been completed and the appellate process moves forward to subsequent stages under the provisions of subsequent sections of this article. How, then, can this section supply authority for adding new material to the record at a date two months after its operation came to a close upon approval of the record?

The majority propose to legislate new procedures solely upon the basis of general legislative intent. Such is not a proper role for the courts. It is proper to construe legislative intent from enactments of that body; it is not proper to reverse that process and create new provisions on the basis of the general intent of the Legisla-

ture. If the latter were true it would suffice for the Legislature to enact captions alone and leave the statutes to the courts; to write a general ticket and leave the driving to us. I cannot subscribe to such a practice.

The majority correctly recognize that only a strained construction of our statutes could permit new matter to be added to the record by supplemental transcript prepared after reversal on original submission to this Court, as was done in Davis v. State, Tex.Cr.App., 499 S.W.2d 303. Unfortunately, at that time this Court did not discuss the issue of whether statutory appellate procedure would permit such a supplemental transcript. In this case we are squarely confronted with the issue, and the majority present an equally strained construction in their effort to affirm this case.

The majority express their concern at the lack of opportunity for the State to respond to appellant's contentions. The State was not forbidden to file a brief in response to appellant's brief. Article 40.-09(10), V.A.C.C.P., does not authorize the State to offer evidence to refute the arguments in appellant's brief. When the appellate process is properly adhered to, the record is made and closed before the briefs are filed. Green v. State, 510 S.W.2d 919, cited for the proposition that the State should be afforded an opportunity to show the harmlessness of any erroneous separation of the jury after being charged, is wholly inapplicable to the case before us. That case held only that a silent record will not support reversal where such an error is claimed. We are here confronted neither with a silent record nor with a claim of improper separation of a jury.

Citing Article 40.09, Secs. 2 and 7, V.A.C.C.P., in Lynch v. State, 502 S.W.2d 740, Judge Roberts speaking for a unanimous court stated:

"[W]here the absence of material from the record is occasioned by the oversight or nonobjection of the accused, it has generally been held that any error in the record has been waived.

\* \* \* \* \* \*

"We are unwilling to create a second standard for the use of the State, when it overlooks certain matters in the record, but fails to object thereto."

In this case as in *Lynch,* supra, the State failed to designate for inclusion in the record under Section 2 certain matters essential to showing no reversible error in the face of the record standing without that matter. Likewise in each case the State failed to secure its inclusion by proper objection to the record under Section 7. *Lynch* properly held that the time for the State to make its record for appeal is the same as that of the appellant, namely at the times and by the means of the procedures set out in Sections 2 and 7.

It is unfair and not in accordance with the statutes governing the appellate process to permit the State to wait until the appellant has filed his brief before taking steps to create an appellate record which will show no reversible error. Where was the opportunity of the appellant to object to the new matters submitted by the State, to designate new matters of its own, or to require a hearing on the newly submitted matters? Can the appellant designate new matters after the State files its brief? Does the time for filing appellant's brief under Section 9 of Article 40.-09 start running anew after each filing of new matter and each "Supplemental Approval" of the record? May an appeal remain perpetually in the trial court by repeated filings of new matter for inclusion in the record after briefs are filed, each requiring a return to Section 7? I think not, because the Legislature has provided for an orderly appellate process which should proceed in a straightforward manner. Once the record is closed, it may not be reopened except for supplementation by specifically authorized means.[1] The trial

---

1. E. g., to prepare a substitution for a lost or destroyed record or portion thereof, under Art. 44.11, V.A.C.C.P.

court does not retain general jurisdiction[2] of the case to reshape or modify the record after approval in whatever manner it may in its discretion elect.[3]

Accordingly, I dissent from the holding of the majority because it is based upon a misinterpretation of the statutory rules governing the appellate process, and in effect holds those rules to be merely directory, leaving the trial judge unbridled discretion to supplement the record on appeal in whatever manner he chooses.

ONION, P. J., joins in this dissent.

---

2. It does have jurisdiction for limited purposes, e. g., to grant a new trial under Art. 40.09, Sec. 12, V.A.C.C.P.

3. This Court has often held than an untimely filed motion for new trial will not be considered, nor will the record of a hearing on such a motion be considered, even when it has been considered by the trial court and placed in the record. E. g., Boykin v. State, Tex.Cr.App., 516 S.W.2d 946; Jones v. State,

Tex.Cr.App., 501 S.W.2d 677, at 679, and cases cited there. See also McCall v. State, Tex.Cr.App., 512 S.W.2d 334. If the trial court has such unbridled discretion to place matters in the record, as contended by the majority, should we not overrule those cases that preclude our consideration of matters adduced at unauthorized hearings? Cf. Tocher v. State, Tex.Cr.App., 517 S.W.2d 299, footnote 1, p. 300 (authored by Judge Roberts).