# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================

## ON MOTION FOR REHEARING

========================

## NO. 03-04-00708-CR

**Ernest Pannell, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
## NO. 74850, HONORABLE HOWARD WARNER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant's motion for rehearing is overruled. The opinion and judgment dated May 18, 2006, are withdrawn.

A jury found appellant Ernest Pannell guilty of interfering with public duties. *See* Tex. Pen. Code Ann. § 38.15 (West Supp. 2005). The court assessed a jail term of 180 days and a $400 fine, but suspended imposition of sentence and placed appellant on community supervision. Appellant now contends that there is a material variance between the pleading and the proof, and that he and his trial counsel were not afforded the mandatory ten-day preparation period. Finding no reversible error, we will affirm the conviction.

On September 18, 2003, three Hays County deputies arrived at appellant's house to execute a warrant for the arrest of appellant's son for criminal mischief. Appellant's conduct led to

the filing in November 2003 of a complaint and information accusing him of hindering apprehension. *See id*. § 38.05.[1] An attorney was immediately appointed to represent him.

At a pretrial hearing on August 13, 2004, the State announced that it was that day dismissing the hindering apprehension information and filing a new information accusing appellant of interfering with public duties. The prosecutor told the court, "I've talked to the defense attorney. He obviously has preparation time in which he may waive it or not waive it as he wants or believes is in the best interest of his client. At this time he's indicated he might waive the ten days. . . . I mean it's not something like it's a surprise because he apparently had been told by the prior prosecutor that had this file that that's how the State was going to proceed." Appellant's counsel responded, "And we've prepared both ways, Your Honor, so we are ready." To be certain of this, the trial court then asked counsel if he was ready to go to trial on the new information. Counsel assured the court that he was. The new information was filed later that day and trial began three days later.

An appointed defense attorney is entitled to a ten-day preparation period, but this preparation time may be waived by counsel with the consent of the defendant in writing or on the record in open court. Tex. Code Crim. Proc. Ann. art. 1.051(e) (West 2005). In this cause, it is clear that counsel's statements to the court quoted above were intended as a waiver of the ten-day preparation period on the new information. Although the record does not reflect appellant's personal consent to the waiver, we are satisfied that this procedural defect did not prejudice a substantial right.

---

[1] The information alleged that appellant harbored or concealed his son, provided him with a means of avoiding arrest or effecting escape, and warned him of impending discovery or apprehension.

2

*See* Tex. R. App. P. 44.2(b); *and see Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). Counsel had been appointed eleven months earlier and it is obvious from the trial record that he was familiar with the facts of the case. Although the new information was not on file when the waiver was made, the record reflects that counsel had discussed the new information with the prosecutor and his statements to the court reflect that he was aware of the new allegations. Counsel stated for the record that he was prepared for trial on the new information and appellant does not argue to the contrary. Under the circumstances, we conclude that no harm resulted from the trial court's failure to obtain a waiver of the ten-day preparation time fully complying with the requirements of article 1.051(e). Point of error two is overruled.

The information alleged that appellant interfered with a deputy "by arguing . . . and failing to step aside" while the deputy "was performing a duty or exercising authority imposed or granted by law; to-wit: investigating a Criminal Mischief case." Appellant asserts that there is a fatal variance between the allegation that the deputy was investigating a criminal mischief case and the evidence that the deputy was serving an arrest warrant for criminal mischief.

Only a material variance between the allegations in the charging instrument and the proof will render the evidence insufficient to sustain a conviction. *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001). Allegations giving rise to immaterial variances may be disregarded. *Id.* A variance is material if, as written, the information did not inform the defendant of the charge against him sufficiently to allow him to prepare an adequate defense, or if prosecution under the deficient information would subject the defendant to the risk of being prosecuted later for the same offense. *Id.*

An arrest may occur in the course of an investigation. Thus, we do not believe that there necessarily is a variance between the allegation that the deputy was investigating a criminal mischief case and the proof that he was attempting to serve an arrest warrant for criminal mischief. Appellant argues that the theory of the case alleged in the information "can be viewed as a surprise," but this argument carries little weight in light of counsel's statement to the court that he was prepared to try the case "both ways," that is, under either the old or the new information. Under the circumstances, the record does not support the conclusion that the alleged variance denied appellant an adequate opportunity to prepare a defense.

We also find no basis for appellant's assertion that "the State could easily make an attempt to prosecute the appellant for the same crime under different theories." Because the entire record, and not just the information, may be used to support a prior conviction claim, we are not persuaded that the alleged variance will enable the State to prosecute appellant a second time for the same offense within the meaning of the Double Jeopardy Clause. *Id*. at 258 (citing *United States v. Apodaca*, 843 F.2d 421, 430 n.3 (10th Cir. 1988)). Point of error one is overruled.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: June 30, 2006

Do Not Publish

4