

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NOS. 2-09-382-CR
## 2-09-383-CR

JOSIAH K. TRAPP                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Josiah K. Trapp appeals his sentences for aggravated robbery, contending in two points that the trial court erred by overruling his objections to questions that the State asked witnesses on cross-examination during the punishment phase.  We affirm.

Within days of burglarizing the home of a parole officer and stealing a loaded nine-millimeter handgun and extra ammunition, Appellant committed two

---

[1]*See* Tex. R. App. P. 47.4.

armed robberies in broad daylight. During the course of the robberies, Appellant terrorized several people, including a three-year-old child whose father Appellant pistol-whipped in her presence.

A grand jury returned indictments against Appellant for two aggravated robberies. Appellant pleaded guilty before a petit jury to both charges. After hearing evidence on punishment, the jury found Appellant guilty and assessed his punishment at forty years' confinement for each offense. The trial court sentenced Appellant accordingly, ordering the sentences to run concurrently.

During Appellant's case in chief on punishment, Appellant's father and aunt testified on his behalf. Appellant's two points on appeal arise from objections he raised during the State's cross-examination of these two witnesses.

In his first point, Appellant claims that the prosecutor "threw a skunk in the jury box" when she asked Appellant's father, "You know that gang members like to wear particular colors. Bloods like to wear red. Did you know that, sir?" The witness answered, "No, ma'am," and Appellant objected that the question, "Calls for a conclusion."

The record reflects that this objection was made after the witness answered the question. In order to be considered timely, an objection must be made as soon as the ground for the objection becomes apparent. *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App.), *cert. denied*, 522 U.S. 917 (1997); *Polk v. State*, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987); *Guzman v. State*, 521 S.W.2d 267, 269 (Tex. Crim. App. 1975); *see* Tex. R. Evid. 103(a)(1). The

objection was not timely and good cause was not offered to explain the delayed objection. Therefore, nothing is preserved for our review.

But even if we assume, for the sake of argument, that Appellant's objection was timely, it does not comport with his point on appeal that the question suggested new and harmful facts or asked the jury to speculate. We have construed the objection "calls for a conclusion" as one that complains that the question calls for speculation and conjecture rather than facts from within a witness's personal knowledge. *See Turro v. State*, 950 S.W.2d 390, 403 (Tex. App.–Fort Worth 1997, pet. ref'd). In other words, such a question asks the witness to relay to the jury guesses rather than facts. Although Appellant objected on this basis at trial, Appellant does not argue on appeal that the question called for a conclusion or speculation on the part of the witness. Rather, he contends that the question was inappropriate because it invited the *jury* to speculate and is analogous to "straying outside the record and suggesting new and harmful facts during a closing jury argument."

A complaint on appeal must comport with the complaint made in the trial court or the error is forfeited. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); *Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 827 (1997). Because Appellant's complaint on appeal is not the one he raised with the trial court, it is forfeited. Accordingly, we overrule point one.

3

In his second point, Appellant complains of the following question the prosecutor asked Appellant's aunt, Sedonia Petty, on cross-examination: "Nobody ever wants to believe it's their loved one that is responsible, do they?" The trial court overruled Appellant's objection that the question "calls for speculation." The prosecutor then refined the question to remove any arguable request that the witness speculate as to what another might think by asking instead, "Do *you*, Ms. Petty?" (emphasis added) The witness then answered, "I can't say that, because I don't know."

On appeal, Appellant argues that the "error is similar" to the one alleged in point one, above, that the "prosecutor . . . injected her opinion" by posing a "leading question" asking the "witness . . . to speculate." Because the last of these multifarious complaints actually comports with the objection raised at trial––"calls for speculation"––we disregard the noncomporting claims and treat Appellant's second point as a complaint that the prosecutor's question improperly called for the witness to speculate.

The prosecutor rephrased the question before the witness actually answered it. The question that the witness answered asked only what the witness believed; it did not ask her to speculate about what others believe. To the extent that the prosecutor's initial question improperly called for speculation, the rephrasing of the question before the witness answered, particularly when coupled with an answer that was not speculative––"I can't say that because I

4

don't know"——rendered any error harmless.  Accordingly, we overrule Appellant's second point.

Having overruled both of Appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL:  GABRIEL, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 30, 2010