02-09-382&383-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

                                                NOS. 2-09-382-CR

                                                          2-09-383-CR

 


 
 
 JOSIAH
 K. TRAPP
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM CRIMINAL
 DISTRICT COURT NO. 3 OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

Appellant
Josiah K. Trapp appeals his sentences for aggravated robbery, contending in two
points that the trial court erred by overruling his objections to questions that
the State asked witnesses on cross-examination during the punishment phase.  We affirm.

Within
days of burglarizing the home of a parole officer and stealing a loaded nine-millimeter
handgun and extra ammunition, Appellant committed two armed robberies in broad
daylight.  During the course of the robberies,
Appellant terrorized several people, including a three-year-old child whose
father Appellant pistol-whipped in her presence. 

A grand
jury returned indictments against Appellant for two aggravated robberies.  Appellant pleaded guilty before a petit jury
to both charges.  After hearing evidence
on punishment, the jury found Appellant guilty and assessed his punishment at
forty years’ confinement for each offense.  The trial court sentenced Appellant
accordingly, ordering the sentences to run concurrently.

During
Appellant’s case in chief on punishment, Appellant’s father and aunt testified
on his behalf.  Appellant’s two points on
appeal arise from objections he raised during the State’s cross-examination of
these two witnesses.

In his first
point, Appellant claims that the prosecutor “threw a skunk in the jury box” when
she asked Appellant’s father, “You know that gang members like to wear
particular colors.  Bloods like to wear
red.  Did you know that, sir?”  The witness answered, “No, ma’am,” and
Appellant objected that the question, “Calls for a conclusion.”

The record
reflects that this objection was made after the witness answered the
question.  In order to be considered
timely, an objection must be made as soon as the ground for the objection
becomes apparent.  Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. App.), cert. denied, 522 U.S. 917 (1997); Polk v. State, 729 S.W.2d 749, 753 (Tex.
Crim. App. 1987); Guzman v. State,
521 S.W.2d 267, 269 (Tex. Crim. App. 1975); see
Tex. R. Evid. 103(a)(1).  The objection
was not timely and good cause was not offered to explain the delayed
objection.  Therefore, nothing is
preserved for our review.

But even
if we assume, for the sake of argument, that Appellant’s objection was timely,
it does not comport with his point on appeal that the question suggested new
and harmful facts or asked the jury to speculate. We have construed the
objection “calls for a conclusion” as one that complains that the question calls
for speculation and conjecture rather than facts from within a witness’s
personal knowledge.  See Turro v. State, 950 S.W.2d 390, 403 (Tex. App.–Fort Worth 1997,
pet. ref’d).  In other words, such a
question asks the witness to relay to the jury guesses rather than facts.  Although Appellant objected on this basis at
trial, Appellant does not argue on appeal that the question called for a
conclusion or speculation on the part of the witness.  Rather, he contends that the question was
inappropriate because it invited the jury
to speculate and is analogous to “straying outside the record and suggesting
new and harmful facts during a closing jury argument.”

A
complaint on appeal must comport with the complaint made in the trial court or
the error is forfeited. Pena v. State,
285 S.W.3d 459, 464 (Tex. Crim. App. 2009); Heidelberg
v. State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827 (1997).  Because Appellant’s complaint on appeal is
not the one he raised with the trial court, it is forfeited.  Accordingly, we overrule point one. 

          In his second point, Appellant
complains of the following question the prosecutor asked Appellant’s aunt,
Sedonia Petty, on cross-examination:  “Nobody
ever wants to believe it’s their loved one that is responsible, do they?”  The trial court overruled Appellant’s
objection that the question “calls for speculation.” The prosecutor then
refined the question to remove any arguable request that the witness speculate
as to what another might think by asking instead, “Do you, Ms. Petty?”  (emphasis
added)  The witness then answered, “I
can’t say that, because I don’t know.” 

On appeal,
Appellant argues that the “error is similar” to the one alleged in point one,
above, that the “prosecutor . . . injected her opinion” by posing a “leading
question” asking the “witness . . . to speculate.”  Because the last of these multifarious
complaints actually comports with the objection raised at trial––“calls for
speculation”––we disregard the noncomporting claims and treat Appellant’s
second point as a complaint that the prosecutor’s question improperly called
for the witness to speculate.

The
prosecutor rephrased the question before the witness actually answered it.  The question that the witness answered asked only
what the witness believed; it did not ask her to speculate about what others
believe.  To the extent that the
prosecutor’s initial question improperly called for speculation, the rephrasing
of the question before the witness answered, particularly when coupled with an
answer that was not speculative––“I can’t say that because I don’t know”––rendered
any error harmless.  Accordingly, we
overrule Appellant’s second point.

Having
overruled both of Appellant’s points, we affirm the trial court’s judgment.

 

                                                                              PER
CURIAM

                                                                             

 

PANEL:  
 
 
 
 
 
 
 GABRIEL, 
 
 
 
 
 
 DAUPHINOT, and 
 
 
 
 
 
 WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 30, 2010

 











[1]See Tex. R. App. P. 47.4.