Henry Long v. The State.

No. 12806.   Delivered January 8, 1930.
Reported in 23 S. W. (2d) 390.

The opinion states the case.

*Cooper & Lumpkin* of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment confinement in the penitentiary for fifteen years.

The mother of Edna Hudson, prosecutrix, had separated from her husband. Appellant had on several occasions gone with the mother of prosecutrix. On some of these occasions prosecutrix accompanied her mother and appellant on automobile rides. Some time prior to the return of the indictment herein prosecutrix's mother died. A complaint charging appellant with the murder of prosecutrix's mother by poisoning was sworn to by the father of prosecutrix. After an investigation of the matter, the grand jury failed to return an indictment. However, an indictment was returned against appellant charging him with having raped prosecutrix, it being alleged that prosecutrix was under the age of fifteen years. Appellant ran a restaurant. Prosecutrix testified that appellant came from his restaurant to her home during the day and took her in his automobile to a point in the country where, with her consent, he had sexual intercourse with her. She did not report the matter to any person, according to her testimony, until she was called before the grand jury approximately a month after the date of the alleged offense. Appellant vigorously denied that he

had ever had improper relations with prosecutrix and testified that he had never been with her alone. He said that he had gone riding with prosecutrix and her mother and that on some of these occasions other persons were present in the car. It does not appear that any person ever saw appellant and prosecutrix together when others were not present with them. The record fails to disclose whether prosecutrix was examined by a physician. The state relied entirely upon the testimony of prosecutrix.

Proof was made by one witness that the general reputation of appellant in the community in which he resided for truth and veracity was bad. No other witness was used on this issue, except that that state elicited from appellant that he had theretofore, in the year 1924, been indicted for murder. In testing the sufficiency of the knowledge of the witness testifying to appellant's bad reputation for truth and veracity, appellant elicited from the witness that he had known appellant in another community some fourteen years prior to the return of the indictment in this case and that he had not known where appellant resided since such date; that appellant was only seventeen or eighteen years of age at the time he had known him; and that at such time appellant's reputation for truth and veracity was bad. We are of the opinion that the witness did not show himself sufficiently acquainted with appellant's general reputation in the respect mentioned, and that appellant's motion to withdraw said testimony from the jury should have been granted. Tyler v. State, 79 S. W. 558; Maddox v. State, 254 S. W. 800. The issue of guilt was closely contested. We are unable to say that the opinion expressed by a witness, who appears to have been a man prominent and highly credible, did not turn the scales against appellant. Hence we are constrained to hold the error reversible.

In his motion for new trial, appellant set up newly discovered evidence. In view of the testimony of prosecutrix, the new evidence would seem to be material. The question of diligence and materiality of the evidence claimed to be newly discovered is not discussed, as the case must be reversed because of the reception of the improper testimony to which we have referred.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.