**Earnest E. LOYD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 47687.

Court of Criminal Appeals of Texas.

March 13, 1974.

Ronald A. Piperi, Killeen, for appellant.

Joe Carroll, Dist. Atty., Arthur C. Eads, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The conviction is for the offense of possession of heroin; punishment was assessed at 12 years' confinement. Two grounds of error are raised on appeal; the sufficiency of the evidence is not challenged.

Appellant's initial contention concerns the failure of the trial court to permit a defense witness to testify concerning his reputation for being a peaceful and law-abiding citizen. Both at the guilt-innocence stage of the trial and at the punishment hearing, the appellant offered the testimony of his commanding officer for this purpose. Each time, the court sustained the State's objection, on the grounds that the witness was not qualified to express such an opinion. This issue of qualification is now before this Court.

The State stresses the fact that this officer's relationship with the appellant was strictly a business one, and that he could not testify to the appellant's reputation in the community in which he lived since the appellant lived off base, in Killeen, and the officer lived on base at Fort Hood. We reject such a notion. The record reflects that this officer had spoken with people concerning the appellant's reputation, and these were people who both worked and socialized with the appellant. The witness further stated that as a result of this, and "having talked to the people in the community where he resides and knows best," he was able to form an opinion as to what appellant's reputation was in the community, as far as being a peaceable and law-abiding citizen. He testified that appellant had a good reputation on this point. The offi-

cer stated that for fifteen months he had known the appellant and lived and worked in the same general community as appellant.

■ The trial court should not have sustained the State's objection; the testimony elicited that this officer and the appellant did not socialize together after hours is meaningless. Likewise, questioning the officer as to whether or not he had ever visited in the home of the appellant has nothing to do with the witness's qualifications to testify on this issue.

The case of Frison v. State, 473 S.W.2d 479 (Tex.Cr.App.1971) contains a lengthy discussion of the case law in this area. There it was pointed out that it is not even necessary that the witness be *personally acquainted* with the accused in order to be qualified to testify concerning his reputation for being a peaceful and law-abiding citizen. That cause involved an officer-witness and it was pointed out under what circumstances such a witness' reputation testimony would be admissible. See also, Nichols v. State, 494 S.W.2d 830 (Tex.Cr.App.1973) and Pogue v. State, 474 S.W.2d 492 (Tex.Cr.App.1971).[1]

The case of Jordan v. State, 163 Tex. Cr.R. 287, 290 S.W.2d 666 (1956) held it to be error where the trial court refused to permit testimony relating to the accused's reputation for being a peaceable, law-abiding citizen and for truth and veracity under the following circumstances: the offered testimony was from witnesses from Dallas where the accused worked, even though they did not claim to know his reputation in Richardson, an adjacent community, where the accused lived. See also, Arocha v. State, 495 S.W.2d 957 (Tex.Cr.App.1973), and Smith v. State, 414 S.W.2d 659 (Tex.Cr.App.1967).

We are also unable to agree with the State's contention that the error, if any, was harmless beyond a reasonable doubt. The facts are these: appellant and two other persons were apprehended on the front porch of the appellant's residence by officers executing a search warrant. The three men were ordered inside the residence and a search was conducted. A short while later, the officers located on the front porch an "Army bag" which contained, among other items, heroin, marihuana, and a belt with the appellant's name on it. The appellant testified and admitted that the bag was his, but denied any knowledge as to how the narcotics got there. An application for probation had been filed in this cause on behalf of the appellant; no other witness was produced by the defense to testify as to the appellant's reputation for being a peaceable and law-abiding citizen.

■ The exclusion of the evidence by the trial court was error requiring a reversal of the case. Jean v. State, 163 Tex. Cr.R. 533, 294 S.W.2d 406 (1956). The appellant has properly preserved the error; only on that basis is the case distinguishable from the recent case of Hicks v. State, 493 S.W.2d 833 (Tex.Cr.App.1973). There also, the accused was denied the right at the guilt/innocence stage of the trial to present testimony as to his reputation as a peaceful and law-abiding citizen in the community. This Court pointed out that this was error, but not properly preserved, since the defense counsel failed to adduce on voir dire what the witnesses' opinion as to this reputation would be. The excluded testimony in the present case was correctly elicited, outside the presence of the jury.

Appellant's remaining ground need not be discussed.

The judgment is reversed and the cause remanded.

---

1. The proper method for showing a witness to be qualified on this point is set out in the case of Crawford v. State, 480 S.W.2d 724 (Tex.Cr.App.1972).