Kenneth HAYLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 47566.

Court of Criminal Appeals of Texas.

March 27, 1974.

Rehearing Denied April 10, 1974.

Rick Rogers, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., John M. Potter, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The conviction is for the offense of robbery with firearms; punishment was assessed at 30 years' confinement. Five grounds of error are raised on appeal; the sufficiency of the evidence is not challenged.

Appellant initially contends that the trial court erred in failing to comply with the mandatory provisions of Art. 26.04, Vernon's Ann.C.C.P., in that there was no waiver of the 10-day period allowable for trial preparation. The record reflects that the appellant was originally indicted, on April 27, 1972, for exhibiting a *shotgun* during the course of the robbery. A pauper's oath was filed and an attorney was appointed on July 21, 1972, to represent the appellant. The original indictment was dismissed, and on September 1, 1972, a new indictment was presented, the only change from the original one being that the latter indictment charged that the appellant used a *pistol* during the course of the robbery. On September 6, the case went to trial, with appellant represented by the same attorney who was appointed on July 21, 1972.

The record reflects that all defense motions and papers filed under the old indictment were asked to be accepted under this indictment; the State offered no objections to this and the court accepted the tender. Appellant's attorney had filed many motions prior to the first indictment being dismissed; these were all included in the court's acceptance of the prior filings. As to the issue of lack of time for trial preparation under the new indictment, defense counsel, at one point, informed the court:

"If it please the Court, the Defendant Kenneth Hayles will withdraw that portion of the motion for continuance in which he alleges that he has not had ten days in which to present motions under the new indictment. . . ."

On appeal, appellant does not specifically argue that he did not have enough time to prepare for trial, only that the "spirit and intent" of Article 26.04 have been violated here. We cannot agree.

It is clear from the record that the appointed counsel for appellant had done a significant amount of work in preparation for the trial long before the original indictment was dismissed and the second indictment presented. The only change in the two indictments was the type of weapon allegedly exhibited during the robbery. Appellant's defense was one of alibi—he alleged that at the time of the robbery he

was en route from Tennessee to Mississippi. We fail to discern how appellant's trial preparation would be affected by such a change. The situation is not unlike those faced by this Court where it was held not to be reversible error where defense counsel, though as a practical matter, had been appointed on a case for more than ten days prior to trial, but was not entered of record as court-appointed counsel until some time less than ten days prior to trial. Carter v. State, 480 S.W.2d 735 (Tex.Cr. App.1972). This Court has construed Art. 26.04, supra, so as to insure the accused's right to go to court with his attorney adequately prepared.[1] We reassert that the provisions of this statute are mandatory. In the present case, however, the attorney had more than the ten days required by law in which to prepare the defense for the appellant, and the minor change in the indictment does not alter that fact. At the same time, we would admonish trial judges to avoid this situation. While we are able to conclude that *in this case*, in light of the appellant's defense, the facts presented do not warrant reversal, we do not intend to invite dismissals of indictments and re-indictments, and then not allowing counsel the ten days in which to prepare for trial. That predicament can be easily avoided. The appellant's first ground of error is overruled.

■ Appellant next alleges that the trial court erred in admitting the fruits of an illegal search, in that the wife of the appellant gave consent for the search of a vehicle, which consent was ineffective since the car had been loaned to the appellant only and not to his wife also. Though the appellant contends the search was illegal, he does not argue that any evidence was recovered as a result of that search, nor that such evidence, if any, was introduced against him at the trial. Nevertheless, the

State's brief points out that the search of the vehicle revealed a laundry sack, a "hot-wire" apparatus, a police radio, a windbreaker, and a certain letter addressed to the appellant. For the basis of appellant's contention, we assume that he is complaining of the admission of these specified items.

Still, we do not reach the merits of such an argument in this case. The record reflects that appellant took the stand and admitted before the jury his possession of all the items in question which were recovered from the automobile, except for a laundry bag, which the appellant stated was in the car when he borrowed it. Having testified to substantially the same facts as the State had shown, the appellant is in no position to complain. Moulton v. State, 486 S.W.2d 334 (Tex.Cr.App.1971); Nicholas v. State, ·502 S.W.2d 169 (Tex.Cr.App.1973), on State's motion for rehearing. We note also that a police officer testified, without objection, to the seizure of these articles. This ground is overruled.

■ In appellant's third ground of error, he contends that the trial court erred in admitting, for impeachment purposes, oral statements made by appellant to law enforcement officers during the time he was in custody. As previously stated, the appellant's defense was one of alibi; on cross-examination of appellant, the State attempted to impeach him as to certain details of statements he had earlier made to officers, such as whether or not he had told the officers that he was not able to locate his father when he went to Mississippi. (The appellant's father testified that on March 9, the day before the offense occurred, his son visited at his home in Mississippi for several hours.)

Appellant takes the position that such impeachment was violative of the rule laid

1. The recent case of Prince v. State, 500 S. W.2d 533 (Tex.Cr.App.1973), was reversed where the trial court appointed separate counsel, on the day of trial, to represent the accused and a co-indictee, even though the two defendants had both been represented by an attorney (the same attorney) some time prior to trial. The opinion pointed out that the possibility of inconsistent defenses was present, and the accused was entitled to the statutory ten day period in which to prepare for trial.

down by a majority of this Court in Butler v. State, 493 S.W.2d 190 (Tex.Cr.App. 1973). However, we have examined the record and find the following: After the appellant had testified, the State called two special agents for the F.B.I. to the stand, and elicited from them the fact that appellant *did* state that, while he was on his trip to Mississippi, he was unable to locate his father. No objection to the impeaching testimony of these officers was voiced by appellant. Therefore, in light of the fact that the evidence to which he now objects was shown by other unobjected-to testimony, we perceive no reversible error. Jaramillo v. State, Tex.Cr.App., 504 S.W.2d 853 (Delivered January 30, 1974); White v. State, 486 S.W.2d 377 (Tex.Cr.App. 1972); Merx v. State, 450 S.W.2d 658 (Tex.Cr.App.1970).

 Appellant's two remaining grounds of error allege that the court improperly allowed two officers to testify as to the appellant's reputation when neither was qualified to do so. The first of these witnesses to testify was Special Agent Jacobs. He stated that his opinion was that the appellant's reputation for truth and veracity was bad. He further stated that he had known the appellant for approximately a year and a half, and had lived and worked in the same general vicinity as the appellant. The State recalled the witness a short while after his first testimony had been given and specifically asked him what this opinion was based on. He replied that he had formed it "[t]hrough my investigation and talking with others in law enforcement and out of law enforcement." The witness was sufficiently qualified and we overrule this contention. The case of Loyd v. State, Tex.Cr.App., 506 S.W.2d 600 (Delivered March 13, 1974) contains a thorough discussion of qualifying a witness as to his ability to state his opinion relative to an accused's reputation for being a peaceable and law-abiding citizen. See Frison v. State, 473 S.W.2d 479 (Tex.Cr. App.1971); Crawford v. State, 480 S.W.2d 724 (Tex.Cr.App.1972); Jordan v. State, 163 Tex.Cr.R. 287, 290 S.W.2d 666 (1956).

■ The other witness who stated an opinion as to the appellant's reputation for truth and veracity was Officer Wistrand, who also testified that, in his opinion, the appellant's reputation for truth and veracity was bad. He answered that this opinion was formulated after knowing the appellant for about a year and "talking to people or something like that . . . and based on discussion with other law enforcement officers and other people in the community." Further discussion is unnecessary on this point, in light of the disposition of the fourth ground of error and the decision in the *Loyd* case, supra. The final contention is overruled.

The judgment is affirmed.