William ZANDERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49090.

Court of Criminal Appeals of Texas.

Nov. 20, 1974.

Rehearing Denied Dec. 11, 1974.

**908**

Douglas Tinker and Donald Dailey, Jr., Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., John Potter, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery.[1] Punishment was assessed by the jury at seventy-five (75) years.

The sufficiency of the evidence to support the conviction is not challenged.

In appellant's first three contentions, he urges that he has been deprived of a complete record on appeal in that there is no statement of facts before this Court, due to the failure of the court reporter to timely file the statement of facts. Appellant further urges that he has been denied a speedy trial as a result of the time taken in filing the statement of facts.

Appellant was sentenced on April 18, 1973. On May 1, 1973, appellant, an indigent, requested and the trial court ordered the court reporter to prepare a statement of facts.

The statement of facts was completed approximately ten-and-a-half months later on March 19, 1974. The record was approved by the trial court on June 4, 1974, and reached this Court on August 12, 1974.

Appellant argues that the trial court's order extending the time for filing after a previous extension period had passed is ineffective and no statement of facts is presented on appeal. We find appellant's reliance on Chambers v. State, Tex.Cr. App., 401 S.W.2d 609 for this proposition to be misplaced. In *Chambers*, an extension period expired on October 14, 1965, and no action was taken by the court until October 20, 1965, when the trial judge or-

1. See Zanders v. State, Tex.Cr.App., 480 S.W.2d 708.

dered an extension time for filing a statement of facts until December 14, 1965. The statement of facts was filed on December 3, 1965, but was not approved by the trial judge. This Court noted that the trial court had not approved the statement of facts and, absent the approval of the trial judge, Art. 759a, V.A.C.C.P. (effective until January 1, 1966), providing "the approval by the trial judge of the statement of facts, after the ninety day period, shall be sufficient proof that the time for filing was properly extended," was not applicable.

Art. 40.09, Sec. 3, Vernon's Ann.C.C.P. (effective January 1, 1966), provides:

" . . . The times herein provided for filing transcription of the notes of the reporter may be extended by the court for good cause shown, and the court shall have the power, in term time or vacation, on application for good cause to extend for as many times as deemed necessary the time for preparation and filing of the transcription, *and the approval of the record after the expiration of the time provided by law for its approval shall be sufficient proof that the time for filing the transcription was properly extended, and the transcription so filed shall be construed as having been filed within the time required by law.*" (Emphasis supplied)

■ The approval by the trial judge of the record in the instant case is, under Sec. 3, 40.09, V.A.C.C.P., sufficient proof that the time for filing the transcript was properly extended. See Heck .v. State, Tex.Cr.App., 507 S.W.2d 737. The record is before this Court.

■ The constitutional guarantee of right to speedy and public trial applies to a "trial by jury to determine guilt or innocence and does not include an appeal which is simply the method provided for review of the proceedings in a trial which has al-

ready been held." Cunningham v. State, Tex.Cr.App., 484 S.W.2d 906; State v. Lagerquist, 254 S.C. 501, 176 S.E.2d 141 (1970), cert. denied, 401 U.S. 937, 91 S.Ct. 912, 28 L.Ed.2d 216 (1971). Absent a showing that a delay on appeal amounts to a denial of due process, relief will not be granted. Cunningham v. State, supra.

Appellant points to the fact that the delay in preparing the statement of facts was not occasioned by the appellant, and that he exercised diligence by filing motions requesting the court to compel the court reporter to file the statement of facts. In each of the instances when a request for extension of time was made by the court reporter, it recited the length of the trial and size of the record (the trial lasted 26 days and the record was over 4,000 pages) and the move of the court reporter after the trial to the State of Washington as the reasons for such request.

■ In light of the record before us, we cannot say that the complained-of delay was "inexcusable." See Reese v. State, Tex.Cr.App., 481 S.W.2d 841.[2] Further, we cannot say that such delay amounted to a deprival of due process.

Appellant contends the court erred in allowing witness Wimbish to testify as to the reputation for truth and veracity of another witness.

The record reflects that the testimony of Jesse Williams tended to support appellant's alibi defense.

Prior to his testimony before the jury, appellant was permitted to question Wimbish on voir dire out of the presence of the jury.

■ Wimbish related an incident that his twelve-year-old son had told him about in which Williams had not told him the truth about fixing his tape recorder and from which his son concluded that Williams was not truthful. While Wimbish

2. See Reese v. State, supra, for a discussion of the harm which results from delay in criminal appeals.

could not testify as to specific acts of the witness before the jury, such discussion of specific acts with other persons was not an improper basis for the officer's determination of the reputation of the witness. Crawford v. State, Tex.Cr.App., 480 S.W. 2d 724. Wimbish related that an informant had given him information about "specific acts of misconduct" of Williams. Wimbish stated that he had discussed Williams with Officer Bell, and that he concluded from such conversation with Bell that Williams' reputation for truth and veracity was bad. This conclusion was based on activities of Williams related by Bell up to April, 1971, and "information I received concerning his activities since then." Wimbish further testified that he had talked to other persons he couldn't name about the reputation "of Mr. Williams for truth."

In the presence of the jury, Wimbish testified that he had known Williams for 23 years, that he knew his "general reputation . . . in the community in which he resides for truth and voracity (sic)," and that it was bad.

We conclude that the court did not err in allowing Wimbish to testify as to Williams' reputation for truth and veracity. See Hayles v. State, Tex.Cr.App., 507 S. W.2d 213; Loyd v. State, Tex.Cr.App., 506 S.W.2d 600; Crawford v. State, supra.

Appellant contends that Officer Wimbish gave his personal opinion as to the reputation of Jesse Williams for truth and veracity, and that such testimony requires reversal.

The record reflects the following occurred on direct examination:

"Q. All right. Now, Lt. Wimbish, will you state whether or not you know the general reputation of Jesse Williams in the community in which he resides for truth and veracity?

"A. Yes, I know it.

"Q. Is that reputation good or bad?

"A. In my opinion it is bad.

"Mr. Tinker [appellant's counsel]: Your Honor—

"Mr. Mobley: Pass the witness.

"Mr. Tinker: I object to that.

"The Court: Sustain the objection.

"Mr. Tinker: That is clearly, I request that the jury be instructed to disregard what the witness has just said.

"The Court: Sustain the objection, the jury is so instructed.

"Mr. Tinker: Your Honor, at this time I also move for a mis-trial, due to the comments of Mr. Wimbish.

"The Court: The Court will deny your motion for mistrial."

After Wimbish testified that he knew the reputation of Williams in the community, he was asked, "Is that reputation good or bad?" He responded by saying, "In my opinion it is bad." The fair import of the response is that the witness was speaking to his knowledge of the reputation of Jesse Williams and not of his opinion of Jesse Williams. Even if his response could be construed as his opinion, the error was cured by the court's prompt instruction to the jury to disregard Wimbish's statement. Stokes v. State, Tex.Cr. App., 506 S.W.2d 860; Bolden v. State, Tex.Cr.App., 504 S.W.2d 418; Ortiz v. State, Tex.Cr.App., 490 S.W.2d 594. No error is shown.

Appellant contends that the court erred in allowing witnesses Bell and Wimbish "to give their opinions as to the reputation of the defendant William Zanders for peaceable and law-abiding conduct."

Appellant urges that a reputation witness must base his opinion on recent reputation and that the witnesses Bell and Wimbish have not shown such qualifications.

In Long v. State, 114 Tex.Cr.R. 339, 23 S.W.2d 390, relied on by appellant, it was held error to allow a witness acquainted with defendant in another county fourteen years prior to the return of the indictment, and not since, to testify as to defendant's reputation.

The instant case clearly does not fall within the holding in Long v. State, supra. Appellant's complaint is directed to the testimony of the officers that their conclusions regarding appellant's reputation were based on something which transpired prior to April, 1970, when appellant was placed in jail. Bell testified that he had heard Officer Wimbish say appellant's reputation was bad "last week sometime." Wimbish testified that he had heard appellant's reputation discussed "right after Zanders [appellant] was arrested in 1970." Unlike Long v. State, supra, both officers testified as to appellant's reputation "in the community in which he resides."

■ We reject appellant's contention that the witnesses were basing their opinions on appellant's reputation at too remote a time.

Appellant's seventh contention is that the State made an improper argument to the jury. In closing argument, appellant's counsel stated:

"I will tell you what I will do, excuse me. Mrs. Pierce knows which photograph it is, so when we get into the jury room, I will have her show you which one it was that he was talking about, and I will go on and you won't have to look at it right now, to take up any more of your time."

The State responded as follows in closing argument:

"Mr. Mobley: . . . You know there is one thing I want to say before I close, you know a defense attorney has a tactic as Mr. Thorpe said, the charge says it must be a unanimous verdict, so if one, one does not vote for guilty that is all it takes, all it takes. If that one holds out long enough, and they have elected their one, and you have seen it right here. You have even heard her name mentioned by the defense attorney.

"Mr. Tinker: Your Honor, that is clearly improper and it is not so, and it is outside the record and whatever else objection I can think of. I do request that Mr. Mobley—

"Mr. Mobley: If your Honor please, it is in the record that he mentioned a specific juror's name.

"The Court: What is your specific objection, Mr. Tinker?

"Mr. Tinker: He has said that I have selected one member of this jury to hold out or something, and has even tried to say who it is. And I don't even, first place don't understand it, it has got to be improper, in the first place it is improper to—

"Mr. Mobley: He is the one that mentioned the juror.

"Mr. Tinker: I am sure there is something wrong with that.

"The Court: I will overrule the objection.

"Mr. Tinker: Your Honor, note my exception.

"Mr. Mobley: He mentioned the name of Mrs. Pierce, and did you see, I want you to notice this, you know when he was reading from that Statement of Facts a while ago, he read it like this for the benefit of Mrs. Pierce, he showed the picture here pointing it out.

"Mr. Tinker: Your Honor, excuse me,—

"Mr. Mobley: For the benefit of Mrs. Pierce—

"Mr. Tinker: Your Honor, excuse me. The thing about this every time we had an exhibit we handed it to Mrs. Pierce. Mr. Mobley and myself, she is on the end, close to these exhibits and I object to this line of argument.

"The Court: Overrule the objection.

"Mr. Mobley: And there was another picture, when you get up in the jury room you get Mrs. Pierce to show you what I was talking about. And he says this is improper? He was the one that did it, remember that, told you all to go to Mrs. Pierce, she will show you. Why didn't he come down here, you know, why didn't he show each one of you all the way, no, he had already zeroed in. Why, I don't know. Maybe he felt that eleven of you were satisfied beyond a reasonable doubt that that man was guilty, just as the State says he is, and just as the State has proved. Maybe he felt that there was one weak link I don't know. But I know he did it, you know he did it and you heard it."

Appellant, in urging that the prosecutor's argument requires reversal, relies on Davis v. State, Tex.Cr.App., 55 S.W. 340, where it was held impermissible for the prosecutor to argue:

"Does George think there is a man on this jury to hang it? He is county judge. He cares nothing about the expense entailed upon the county by reason of hanging juries. He does not give one scintilla, so long as it is said, 'George O'Brien's client cannot be convicted in Jefferson County.' He is very uneasy about the county, but is willing to bankrupt it, if necessary, to get a man or two on the jury to hang it and defeat justice. He would have you violate your oaths, stultify your consciences, turn a cow thief loose upon society unwhipped of justice,—yes, anything,—in order that it can be said, 'A man cannot be convicted in Jefferson County if George O'Brien defends him.' "

Patently, the argument in *Davis* contains inflammatory matters not present in the complained-of argument in the instant case.

Article 36.25, V.A.C.C.P., provides:

"There shall be furnished to the jury upon its request any exhibits admitted as evidence in the case."

■ Appellant by his argument presumed that the jury would request the picture in question and invited a named juror to show same to her fellow jurors. Appellant's argument bordered upon an intrusion of the authority vested in the jury in that the matter of sending for exhibits and the manner of their display in the jury room were within the discretion of the jury. While the prosecutor's response may have gone beyond that which was invited by appellant's argument, we do not consider it of such a harmful nature as to require reversal. See Spencer v. State, Tex.Cr.App., 466 S.W.2d 749.

■ Appellant's eighth contention is that the trial court erred in not granting his motion for continuance based on the absence of a witness. The motion for continuance was filed one day prior to trial. Such motion was not sworn to personally by appellant as required by Art. 29.08, V.A.C.C.P. No error is presented. Ikner v. State, Tex.Cr.App., 468 S.W.2d 809; Galvan v. State, Tex.Cr.App., 461 S.W.2d 396; Hill v. State, Tex.Cr.App., 429 S.W.2d 481, cert. denied 393 U.S. 955, 89 S.Ct. 384, 21 L.Ed.2d 367.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

ODOM, J., concurs in the result.