**Guy SPARKMAN, Appellant,**

v.

**The STATE of Texas and Al Manning, Sheriff of Smith County, Appellees.**

**No. 12–82–0045–CR.**

Court of Appeals of Texas, Tyler.

May 27, 1982.

Rehearing Denied June 17, 1982.

Discretionary Review Refused Sept. 15, 1982.

Guy Edwin Sparkman, pro se.

Dale Summa, Asst. Dist. Atty., Tyler, for appellees.

SUMMERS, Chief Justice.

This is an appeal from a denial of a post-conviction habeas corpus. Appellant sought to have a conviction for driving while intoxicated declared void because of denial of a speedy trial and appeal.

Appellant's sole ground of error contends "the trial court erred in denying appellant's petition for habeas corpus in which petitioner complained of a long delay in sentencing, and also the long delay in preparing the transcript, and bringing the action against him to a speedy conclusion." Appellant contends the delays violated his Sixth Amendment right to a speedy trial.

For ease of discussion, appellant's ground of error will be divided into three parts: (1) the delay between conviction and sentencing, (2) the delay in preparing the transcript, and (3) the delay between notice of appeal and disposition by the Court of Criminal Appeals.

The salient dates are (1) arrest: February 23, 1978; (2) jury trial and conviction: May 16, 1978; (3) motion for new trial filed: May 26, 1978; (4) motion for new trial overruled: July 7, 1978; (5) Motion to Set Aside Order: July 12, 1978; (6) premature notice of appeal: July 17, 1978; (7) hearing on Motion to Set Aside Order: November 8, 1978; (8) parties allowed until January 29, 1979, to file briefs as to defendant's motion: December 8, 1978; (9) sentence: October 8, 1979; (10) Notice of Appeal: October 8, 1979; (11) court's approval of appellate record: August 6, 1980; (12) defendant granted extension of time to file brief: September 3, 1980; (13) appeal sent to Court of Criminal Appeals: November 17, 1980; (14) opinion of the Court of Criminal Appeals: January 28, 1981; and (15) Defendant's Motion for Rehearing denied: March 13, 1981.

■ The first contention concerns the delay between conviction and sentencing. The record reflects that some seventeen months passed between appellant's conviction and his sentencing. However, the record also indicates that he filed numerous motions and requests for hearings. Furthermore, appellant, the sole witness at the hearing, conceded that the day of sentencing was the first time he raised the issue of speedy trial. Under these facts we cannot say the trial court erred in holding the delay between appellant's conviction and sentencing did not violate his Sixth Amendment right to a speedy trial.

■ As for appellant's next two contentions, we note that both involve appellate proceedings. The courts have uniformly held that there is no Sixth Amendment right to a speedy appeal. The word "trial" in the Sixth Amendment does not include the appeal, but rather refers to the determination by a jury of guilt or innocence. *Rheuark v. Shaw*, 477 F.Supp. 897 (N.D. Tex.1979), *aff'd in part and rev. in part* 628 F.2d 297 (5th Cir. 1980); *Doescher v. Estelle*, 454 F.Supp. 943 (N.D.Tex.1978), *aff'd* 616 F.2d 205 (5th Cir. 1980); *Colunga v. State*, 527 S.W.2d 285 (Tex.Cr.App.1975). The courts have, however, held that a substantial delay in processing an appeal may constitute a denial of due process under the Fourteenth Amendment. *Smith v. Kansas*, 356 F.2d 654 (10th Cir. 1966) *cert. den.* 389 U.S. 871, 88 S.Ct. 154, 19 L.Ed.2d 151 (1967); *Rivera v. Concepcion*, 469 F.2d 17 (1st Cir. 1972); *Colunga v. State, supra.*

■ In determining whether a delay in processing a prisoner's appeal amounts to a denial of due process, the court must consider four factors: (1) length of delay, (2) the reason or justification for the delay, (3) whether and to what extent the defendant demanded a more rapid appeal, and (4) any prejudice resulting to the defendant by the delay (such as post-trial confinement, worry, and the desire to limit the possibility that the defendant's appeal will be impaired). *Rheuark, supra* at 908–09.

■ With these factors in mind we review appellant's next two contentions. Appellant's first complaint is the long delay in preparing his transcript. The record shows that appellant requested preparation of the transcript on November 15, 1979. Thereafter notice of completion of the record was given on November 21, 1979, and the trial court approved the record August 6, 1980. Under the four factors previously set out we cannot conclude appellant has been denied due process. The record is devoid of any request by appellant that the trial court expedite the approval of the record. Nor is it shown that there was any prejudice or harm to appellant resulting from the delay. Appellant was not incarcerated pending his appeal. Although we do not approve of an eight month delay between completion of a record and its approval, we do not believe such delay denied appellant due process.

■ Finally, as for appellant's contention that the delay between his notice of appeal and final disposition of the case denied him due process, approximately seventeen months passed between the notice of appeal and the Court of Criminal Appeals' decision. In *Colunga v. State*, a delay of eighteen months from notice of appeal *to date of transmittal of the record* to the Court of Criminal Appeals was held not to violate due process. See also *Zanders v. State*, 515

S.W.2d 907 (Tex.Cr.App.1974); *Reese v. State*, 481 S.W.2d 841 (Tex.Cr.App.1972).

Thus from a review of the entire record we cannot say that the delays in appellant's trial and appellate processes were so extensive as to violate appellant's Sixth Amendment right to a speedy trial or to violate due process under the Fourteenth Amendment.

The judgment of the trial court is affirmed.