TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00668-CR






David Joseph Schaetzle, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0983739, HONORABLE JON WISSER, JUDGE PRESIDING






 A jury found appellant guilty of retaliation. See Tex. Penal Code Ann. § 36.06
(West 1994 & Supp. 1999). The jury assessed appellant's punishment, enhanced by two previous
felony convictions, at thirty-three years' imprisonment. See id. § 12.42(d). Appellant argues in
two points of error that the trial court erred by failing to grant his counsel the mandatory ten-day 
preparation period provided by the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann.
§ 1.051(e) (West Supp. 1999). We will affirm the judgment of conviction. 


BACKGROUND (1)

 A Travis County grand jury indicted appellant on April 14, 1998, for the offenses
of retaliation and assault on a public servant; he received formal notice of the indictment on April
24. The trial court appointed appellant trial counsel on March 4, 1998. Appellant was later
reindicted for the same offenses on August 10, 1998. According to appellant, he received notice
of the new indictment August 12. The State began presenting evidence against appellant on
August 18. Neither appellant nor his counsel complained that counsel had fewer than ten days to
prepare for trial, nor did either request a continuance. 

 The changes between the first and second indictments are as follows. The first
paragraph of the retaliation charge in the second indictment changed the allegation that the offense
had been committed by use of appellant's "fist" to use of his "hand." It also changed the date of
the alleged retaliation from on or about February 13, 1998, to on or about February 15, 1998. 
A new enhancement paragraph was added to the two alleged in the original indictment; this third
enhancement paragraph alleged an out-of-county felony conviction for bail jumping. The State 
abandoned one of the original enhancement paragraphs at trial. Appellant complains on appeal
that reindicting him without providing his counsel additional time to prepare for trial amounted
to a statutory violation that requires reversal. 


DISCUSSION

 The Code of Criminal Procedure provides that "[a]n appointed counsel is entitled
to 10 days to prepare for a proceeding . . . ." Tex. Code Crim. Proc. Ann. § 1.051(e). Appellant
correctly points out that the ten-day preparation period is a mandatory provision that may be
waived only with his written consent or on the record in open court. See id. Appellant did not
waive his right to the ten-day period in this case. Thus, appellant may raise the failure to comply
with section 1.051(e) for the first time on appeal. See Marin v. State, 851 S.W.2d 275, 280 (Tex.
Crim. App. 1993). 

 The court of criminal appeals has explained, however, that there is no error in
reindicting a defendant less than ten days before trial so long as counsel is appointed on the
original indictment in excess of ten days, and any difference between the indictments is negligible
and in no way affects the defendant's ability to prepare for trial. See Guzman v. State, 521
S.W.2d 267, 270 (Tex. Crim. App. 1975); Hayles v. State, 507 S.W.2d 213, 215 (Tex. Crim.
App. 1974). (2) In Guzman, the defendant was originally indicted for burglary. The second
indictment added that the burglary occurred "at night" and that it took place at a "private
residence" rather than a "house." See Guzman, 521 S.W.2d at 270. In Hayles, the defendant was
indicted for robbery. The first indictment alleged that the defendant committed the offense with
a "shotgun," while the second alleged that he used a "pistol." 507 S.W.2d at 214. In both cases,
counsel for the defendants had been appointed more than thirty days before trial, and the court
held in both cases that the negligible changes between the two indictments did not affect the
defendants' trial preparation. See Guzman, 521 S.W.2d at 270; Hayles, 507 S.W.2d at 215. In
appellant's case, counsel was appointed more than five months before trial; the reindictment on
the retaliation charge six days before trial resulted in only a negligible difference from the original
retaliation allegation, and in no way affected appellant's ability to prepare for trial. Therefore,
we find no error with regard to the change in the charging portion of the second indictment. 

 The addition of a new enhancement paragraph in the second indictment, however,
is a more significant change from the original indictment, and appellant was made aware of this
change only six days before trial. Thus, his counsel had less than the mandatory ten days to
prepare to defend against the new enhancement paragraph, which alleged a felony conviction for
bail jumping in Williamson County. In the past, the court of criminal appeals has held that a
violation of section 1.051(e) was not subject to a harm analysis, but instead required reversal upon
a determination that the statute had been violated. See Marin v. State, 891 S.W.2d 267, 272 (Tex.
Crim. App. 1994) (citing Marin, 851 S.W.2d at 281). The court overruled this holding in
Matchett v. State, 941 S.W.2d 922, 928-29 (Tex. Crim. App. 1996), holding instead that entire
categories of error should not be foreclosed from harmless error review, and that the facts of a
particular case may be such that a harmless error determination can be made by the appellate
court. See Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (citing Matchett, 941
S.W.2d at 928-29).

 We believe the facts of this case permit us to conduct a meaningful review of the
record; however, because of a change in the rules of appellate procedure, we must first determine
the type of error presented by these facts. The cases cited above were decided before the new
rules of appellate procedure took effect on September 1, 1997. Under the old rules, appellate
courts were required to reverse a criminal conviction if the record revealed error in the
proceedings, unless the court could determine beyond a reasonable doubt that the error made no
contribution to the conviction or to the punishment. See former Tex. R. App. P. 81(b)(2). The
current rules distinguish between errors of constitutional dimension and other errors; constitutional
errors remain subject to the same "beyond a reasonable doubt" standard applied under the former
rules of procedure. See Tex. R. App. P. 44.2(a). Nonconstitutional errors that do not affect the
substantial rights of the defendant are to be disregarded. See Tex. R. App. P. 44.2(b). 

 Appellant has argued both standards in his appellate brief. He argues further that
failing to follow the mandate of section 1.051(e) is a denial of due process, a structural error,
which requires reversal without the necessity of a harm analysis. The holdings of Matchett and
Cain foreclose appellant's theory that this error requires reversal without a harm analysis. We do
not believe that a violation of the ten-day preparation requirement is an error of constitutional
magnitude. See Tate v. State, 988 S.W.2d 887, 889-90 (Tex. App.--Austin 1999, pet. ref'd)
(explaining that a constitutional error is one that directly offends the United States or Texas
constitution). Under either standard, however, appellant's contention that he is entitled to a
reversal fails. 

 Appellant pleaded true to the enhancement allegations. He testified at trial, and he
admitted that he committed the felony offense of bail jumping alleged in the new enhancement
paragraph. The record thus affirmatively shows that appellant did not contest the veracity of the
prior felony offense, and, in light of appellant's admission at trial, we do not see how more time
for his counsel to prepare would have affected appellant's sentence. Furthermore, two previous
felony convictions were alleged in the original indictment, and two were alleged in the second
indictment, the State having waived one of the original enhancement paragraphs. Therefore, at
all times, appellant was subject to a sentence ranging from 25 to 99 years' imprisonment under
both indictments. See Tex. Penal Code Ann. § 12.42(d). The error in failing to afford appellant
a full ten days to defend against the new enhancement paragraph did not affect his substantial
rights. See Tex. R. App. P. 44.2(b). We also conclude beyond a reasonable doubt that the error
did not contribute to appellant's punishment. See Tex. R. App. P. 44.2(a). Appellant's two
points of error are overruled. 


CONCLUSION

 The judgment of conviction is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: August 31, 1999

Do Not Publish

1. Because appellant challenges only alleged procedural irregularities, we need not discuss the
facts of the underlying offense. 
2. Both Guzman and Hayles were decided based on the predecessor statute to section 1.051(e);
however, the court of criminal appeals recently approved these cases in the context of the current
statute. See Marin v. State, 891 S.W.2d 267, 271 (Tex. Crim. App. 1994).


on for
bail jumping in Williamson County. In the past, the court of criminal appeals has held that a
violation of section 1.051(e) was not subject to a harm analysis, but instead required reversal upon
a determination that the statute had been violated. See Marin v. State, 891 S.W.2d 267, 272 (Tex.
Crim. App. 1994) (citing Marin, 851 S.W.2d at 281). The court overruled this holding in
Matchett v. State, 941 S.W.2d 922, 928-29 (Tex. Crim. App. 1996), holding instead that entire
categories of error should not be foreclosed from harmless error review, and that the facts of a
particular case may be such that a harmless error determination can be made by the appellate
court. See Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (citing Matchett, 941
S.W.2d at 928-29).

 We believe the facts of this case permit us to conduct a meaningful review of the
record; however, because of a change in the rules of appellate procedure, we must first determine
the type of error presented by these facts. The cases cited above were decided before the new
rules of appellate procedure took effect on September 1, 1997. Under the old rules, appellate
courts were required to reverse a criminal conviction if the record revealed error in the
proceedings, unless the court could determine beyond a reasonable doubt that the error made no
contribution to the conviction or to the punishment. See former Tex. R. App. P. 81(b)(2). The
current rules distinguish between errors of constitutional dimension and other errors; constitutional
errors remain subject to the same "beyond a reasonable doubt" standard applied under the former
rules of procedure. See Tex. R. App. P. 44.2(a). Nonconstitutional errors that do not affect the
substantial rights of the defendant are to be disregarded. See Tex. R. App. P. 44.2(b). 

 Appellant has argued both standards in his appellate brief. He argues further that
failing to follow the mandate of section 1.051(e) is a denial of due process, a structural error,
which requires reversal without the necessity of a harm analysis. The holdings of Matchett and
Cain foreclose appellant's theory that this error requires reversal without a harm analysis. We do
not believe that a violation of the ten-day preparation requirement is an error of constitutional
magnitude. See Tate v. State, 988 S.W.2d 887, 889-90 (Tex. App.--Austin 1999, pet. ref'd)
(explaining that a constitutional error is one that directly offends the United States or Texas
constitution). Under either standard, however, appellant's contention that he is entitled to a
reversal fails. 

 Appellant pleaded true to the enhancement allegations. He testified at trial, and he
admitted that he committed the felony offense of bail jumping alleged in the new enhancement
paragraph. The record thus affirmatively shows that appellant did not contest the veracity of the
prior felony offense, and, in light of appellant's admission at trial, we do not see how more time
for his counsel to prepare would have affected appellant's sentence. Furthermore, two previous
felony convictions were alleged in the original indictment, and two were alleged in the second
indictment, the State having waived one of the original enhancement paragraphs. Therefore, at
all times, appellant was subject to a sentence ranging from 25 to 99 years' imprisonment under
both indictments. See Tex. Penal Code Ann. § 12.42(d). The error in failing to afford appellant
a full ten days to defend against the new enhancemen