

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 16, 2005

The Honorable William M. Jennings
Gregg County Criminal District Attorney
101 East Methvin Street, Suite 333
Longview, Texas 75601

Opinion No. GA-0357

Re: The meaning of "district judges trying criminal cases" in Government Code section 76.002 (RQ-0330-GA)

Dear Mr. Jennings:

You ask about the meaning of "district judges trying criminal cases" in Government Code section 76.002.[1] *See* TEX. GOV'T CODE ANN. § 76.002 (Vernon 2005). In your request letter, you specifically ask about the meaning of this phrase as it is used in Government Code section 76.002(b). *See* Request Letter, *supra* note 1, at 1, 3. The Seventy-ninth Legislature, however, repealed that subsection and otherwise amended chapter 76 during its 2005 Regular Session. *See* Act of May 16, 2005, 79th Leg., R.S., H.B. 1326, ch. 255, § 12, 2005 Tex. Sess. Law Serv. (repealing TEX. GOV'T CODE ANN. § 76.002(b)). Nevertheless, the phrase is used in a substantially similar manner in 76.002(a)[2] and raises a similar legal question, which you have asked us to construe instead.[3]

Government Code chapter 76 governs community supervision and corrections departments, which, generally, are created to operate programs for the supervision and rehabilitation of persons in pretrial intervention programs, to manage crime victim restitution payments, and to establish

---

[1]*See* letter from Honorable William M. Jennings, Gregg County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Mar. 21, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Act of May 16, 2005, 79th Leg., R.S., H.B. 1326, ch. 255, § 1, Tex. Sess. Law Serv. (to be codified at TEX. GOV'T CODE ANN. § 76.002(a)) ("The district judge or district judges *trying criminal cases* . . . .") (emphasis added).

[3]*See* Telephone Conversation with Honorable William Jennings, Gregg County District Attorney (July 19, 2005).

"community corrections facilities."[4]  See TEX. GOV'T CODE ANN. §§ 76.001-.018 (Vernon 2005).[5] Section 76.002(a) provides that "[t]he district judge or district judges *trying criminal cases* in each judicial district . . . shall:  (1) establish a community supervision and corrections department; and (2) approve the department's budget and community justice plan." *See* Act of May 16, 2005, 79th Leg., R.S., H.B. 1326, ch. 255, § 1, 2005 Tex. Sess. Law Serv. (to be codified at TEX. GOV'T CODE ANN. § 76.002(a)) (emphasis added).

You inform us that Gregg County has three district courts:  the 124th District Court and 188th District Court, which preside over criminal and civil matters, and the 307th District Court, which was established as a family court under Government Code chapter 24, subchapter D to have primary responsibility for cases involving family law matters.[6] *See* Request Letter, *supra* note 1, at 1; *see also* TEX. GOV'T CODE ANN. §§ 24.601-.639 (Vernon 2004) ("Family District Courts"); *id.* § 24.615 (creating the 307th Judicial District Court as a family district court for Gregg County). Relevant here, although the 307th District Court has jurisdiction in criminal matters, you further inform us that criminal cases are not initially assigned to it; neither are criminal cases transferred to it under an exchange agreement between the other two district courts and the Gregg County county courts at law.  *See* Request Letter, *supra* note 1, at 2.  But the family district court occasionally "takes guilty pleas and assesses punishment in criminal matters referred to it by the other district courts," and the family district court "hears criminal contempt matters that arise out of unpaid child support obligations."[7] *See id.*  Nevertheless, you note that the family district court "has probably not presided over a criminal case from indictment to conviction, at least not recently[.]" *Id.* at 3.

Because the family district court is only occasionally involved in criminal matters, you question whether Government Code section 76.002(a) requires the judge of the family district court to participate in approving the department's budget and community justice plan. *See* Request Letter,

---

[4]"Community corrections facility" is defined as a "physical structure established by the judges described by Section 76.002 . . . that is operated . . . for the purpose of confining persons placed on community supervision and providing services and programs to modify criminal behavior, deter criminal activity, protect the public, and restore victims of crime." Act of May 16, 2005, 79th Leg., R.S., H.B. 1326, ch. 255, § 9, 2005 Tex. Sess. Law Serv. (to be codified at TEX. GOV'T CODE ANN. § 509.001(1)).

[5]*As amended by* Act of May 16, 2005, 79th Leg., R.S., H.B. 1326, ch. 255, 2005 Tex. Sess. Law Serv.

[6]Government Code section 24.601 sets out a family district court's jurisdiction, providing that "a family district court has the jurisdiction and power provided for district courts by the constitution and laws of this state. Its jurisdiction is concurrent with that of other district courts in the county in which it is located." TEX. GOV'T CODE ANN. § 24.601(a) (Vernon 2004); *see also* TEX. CODE CRIM. PROC. ANN. art. 4.01 (Vernon 2005) ("[T]he following courts have jurisdiction in criminal actions: . . . The district courts . . . .").

[7]*See* TEX. FAM. CODE ANN. § 157.167, *as amended by* Act of May 17, 2005, 79th Leg., R.S., H.B. 1174, ch. 253, § 1, 2005 Tex. Sess. Law Serv. (child support fees and costs judicially ordered may be enforced by contempt); *see also In re Scariati*, 988 S.W.2d 270, 273 n.1 (Tex. App.–Amarillo 1998, orig. proceeding) (explaining the difference between civil and criminal contempt); TEX. PEN. CODE ANN. § 25.05 (Vernon 2003) (making it a state jail felony for an individual to "intentionally or knowingly fail[ ] to provide support for the individual's child younger than 18 years of age, or for the individual's child who is the subject of a court order requiring the individual to support the child.").

*supra* note 1, at 2-3.[8] Specifically, you ask us to construe the phrase "trying criminal cases" to determine if the family district court's criminal matters fall into that phrase's definition. *See id.* at 1-3. You also ask several questions the answers to which are dependent upon the construction of this phrase. *See id.* at 2-3. Therefore, we first turn to construing it.

In construing a statute we are charged with determining and giving effect to the legislature's intent. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). This is accomplished by establishing the "'plain and common meaning of the statute's words.'" *Id.* (quoting *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002)). Generally, if a statute's meaning is unambiguous, we interpret the statute according to its plain meaning. *See id.* Where a statute is not plain on its face, however, we may consider, *inter alia*, the object sought to be attained, the statute's legislative history, and the consequences of a particular construction. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005). Finally, we presume that in enacting a statute the legislature intended a just and reasonable result. *See id.* § 311.021.

Here, "trying criminal cases" is not defined in the statute, *see id.* §§ 76.001-.018.[9] Neither have we found any court case that has defined this particular phrase. Generally, "try" is defined as "[t]o examine judicially; [t]o examine and resolve (a dispute) by means of a trial." BLACK'S LAW DICTIONARY 1520 (7th ed. 1999). "Trial" is also generally defined as a judicial examination and determination of issues between parties to an action in an adversary proceeding. *See id.* at 1510; *see Marrs v. R.R. Comm'n*, 177 S.W.2d 941, 947 (Tex. 1944). This office has observed, however, that "courts in criminal cases define 'trial' within the context of the particular statute or constitutional provision at issue." Tex. Att'y Gen. LO-97-025, at 2; *see, e.g., Sanchez v. State*, 926 S.W.2d 391, 395 (Tex. App.–El Paso 1996, writ ref'd) ("trial" for purposes of the rule for recusal or disqualification of a judge means "trial on the merits or a substantive hearing of some sort"); *Sparkman v. State*, 634 S.W.2d 82, 84 (Tex. App.–Tyler 1982, no writ) ("trial" as used in the Sixth Amendment right to speedy trial refers to a "determination by a jury of guilt or innocence"). Accordingly, "trying criminal cases" has no single meaning.

If we were to apply the general definitions, the phrase "trying criminal cases" would include district courts that judicially examine any criminal issues. And as you note, it would be logically absurd to literally construe the statute to require a district judge to be actively trying a criminal case for the judge to be responsible for approving the department's budget and community justice plan. *See* Request Letter, *supra* note 1, at 3. So construing the phrase with the general definitions necessarily means that "trying criminal cases" refers to any district court that might examine criminal issues; and those would be by definition courts with criminal jurisdiction. But the legislature did not use the term "jurisdiction" to describe the district judges responsible for the department, though it

---

[8]*See also* Act of May 16, 2005, 79th Leg., R.S., H.B. 1326, ch. 255, § 1, 2005 Tex. Sess. Law Serv. (to be codified at TEX. GOV'T CODE ANN. § 76.002(a)) ("The district judge or district judges trying criminal cases . . . *shall* . . . .") (emphasis added).

[9]*See supra* note 5.

did so in the statute's other provisions. *See* TEX. GOV'T CODE ANN. § 76.003(a),(b) (Vernon 2005)[10] (permitting a district judge served by a department to appoint a statutory county court judge "*exercising criminal jurisdiction*" to serve in a judicial council) (emphasis added). Consequently, the legislature intended some meaning for "trying criminal cases" that is more narrow than criminal jurisdiction. *See Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 90 (Tex. 2001) (when the legislature has used a term in one section of a statute and excluded it in another, a court will not imply the term where it has been excluded).

The phrase is a part of Government Code chapter 76, which provides, among other things, for the creation of a community corrections facility and the operation of pretrial intervention programs. *See* TEX. GOV'T CODE ANN. §§ 76.001-.018 (Vernon 2005).[11] And these programs are administered by the department,[12] which in turn is created by judges who are required to approve the department's policies and budget.[13] Thus, contextually, "trying criminal cases" must refer to criminal cases that involve the programs created in chapter 76 such that a judge would have an interest in approving the department's budget and community justice plan. That is, a district judge is "trying criminal cases" if in examining a criminal issue the judge makes a decision that would involve a chapter 76 program, like ordering a person into a pretrial prevention program or sending a person to a department-managed facility.

Your remaining questions, in essence, ask that we define the character and frequency of criminal trial experience that brings a district judge into section 76.002(a). *See* Request Letter, *supra* note 1, at 3. First you ask if the family district court judge is qualified under our construction of the phrase to participate in the management of the department. *Id.* You have not provided us with enough information to make that determination as a matter of law. Nevertheless, if the family district court judge, in examining a criminal issue, makes a decision that would involve a chapter 76 program or facility, then that judge has tried a criminal case for the purposes of section 76.002.

---

[10]*See supra* note 5.

[11]*See supra* note 5.

[12]*See, e.g.*, TEX. GOV'T CODE ANN. §§ 76.011 (permitting the department to "operate programs for the supervision and rehabilitation of persons in pretrial intervention programs"), .014 (permitting the department to establish a developmental program for the educational and vocational training of a defendant under the supervision of the department), .017 (permitting the department to establish "a treatment alternative to incarceration program") (Vernon 2005).

[13]*See* Act of May 16, 2005, 79th Leg., R.S., H.B. 1326, ch. 255, § 1, 2005 Tex. Sess. Law Serv. (to be codified at TEX. GOV'T CODE ANN. § 76.002(a)).

Finally, we consider your last two questions together because they ask about similar issues:

> Would it be sufficient to bring [the family district court] within §
> 76.002 if the court were to "try" one criminal case a decade, or once
> ever, or to preside over one guilty plea a year, or ever? Does it matter
> that the [family district court judge] has participated in the
> management of the probation department for the last fourteen []
> years?

*Id.* By the statute's plain language, the requirement to approve the department's budget and community justice plan is inherent in the judge and not the judge's court. *See* Act of May 16, 2005, 79th Leg., R.S., H.B. 1326, ch. 255, § 1, 2005 Tex. Sess. Law Serv. (to be codified at TEX. GOV'T CODE ANN. § 76.002(a)) ("*The district judge[s]* . . . .") (emphasis added). Therefore, the provision is triggered by the judge examining a criminal matter the disposition of which involves a chapter 76 program or facility. There is no language in the statute about frequency or numbers. However, the use of the present tense in the phrase suggests that section 76.002(a)'s requirement is reserved for a judge who regularly examines criminal matters that involve the department.

## S U M M A R Y

The phrase "district judges trying criminal cases" in Government Code section 76.002 means a district judge who regularly examines criminal matters that involve a Government Code chapter 76 program or facility.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee