

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00080-CR

---

JORGE ORDONEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 242nd District Court
Castro County, Texas
Trial Court No. B3812-1707, Honorable Kregg Hukill, Presiding

---

December 8, 2025

OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Jorge Ordonez, appeals from a judgment adjudicating him guilty of possession of a controlled substance, methamphetamine, in an amount less than one gram[1] and resulting sentence of eighteen months' incarceration and $1,500 fine. We affirm the judgment of the trial court.

---

[1] *See* TEX. HEALTH & SAFETY CODE § 481.115(a), (b).

## BACKGROUND

We will discuss only those facts necessary to resolve the issues raised by Appellant. Appellant was charged with possession of a controlled substance on July 13, 2017. He pleaded guilty to the offense on May 31, 2018. The trial court deferred adjudication of Appellant's guilt and placed him on community supervision for a period of three years and assessed a $1,500 fine. On August 21, 2018, the State filed a motion to proceed to adjudication of guilt that alleged that Appellant committed four violations of the terms of his community supervision. A hearing on the State's motion was held on September 19, 2019. Appellant pleaded not true to each violation. After the hearing, the trial court adjudicated Appellant guilty of the offense as alleged in the indictment and pronounced sentence as eighteen months' incarceration and a $1,500 fine. At that same time, the trial court set the amount of an appeal bond at $10,000, which Appellant posted September 27, 2019. That same day, Appellant filed his notice of appeal with the Castro County District Clerk. This notice of appeal was not forwarded to this Court until February 11, 2025. Nothing in the record identifies any reason for the delay in forwarding the notice of appeal.

By four issues,[2] Appellant essentially contends that the excessive delay caused by the district clerk not forwarding his notice of appeal to this Court has violated his due process rights and he proposes how such a violation should be remedied.

---

[2] Appellant's issues are (1) the district clerk's failure to forward Appellant's notice of appeal for over five years violated Appellant's due process rights, (2) Appellant has had no opportunity to present his due process violation claim, (3) what are the elements Appellant must prove to establish that his due process rights were violated, and (4) whether this Court should remand the case to the trial court for it to take evidence regarding the denial of Appellant's due process rights.

**ANALYSIS**

There is no Constitutional or Sixth Amendment right to a speedy appeal. *Coutta v. State*, 385 S.W.3d 641, 651 (Tex. App.—El Paso 2012, no pet.); *Sparkman v. State*, 634 S.W.2d 82, 84 (Tex. App.—Tyler 1982, pet. ref'd). But when a state provides a statutory right of appeal, the appellate process must comport with due-process requirements. *Coutta*, 385 S.W.3d at 651. The Texas Court of Criminal Appeals has held that a substantial delay in processing an appeal may constitute a denial of due process. *Jenkins v. State*, No. 11-00-00343-CR, 2003 Tex. App. LEXIS 7567, at *8 (Tex. App.—Eastland Aug. 29, 2003, no pet.) (citing *Colunga v. State*, 527 S.W.2d 285, 288 (Tex. Crim. App. 1975), and *Reese v. State*, 481 S.W.2d 841, 842–43 (Tex. Crim. App. 1972)). However, "not every delay, even an inordinate one, violates a convicted defendant's due process rights." *Coutta*, 385 S.W.3d at 651.

In determining whether an appellate delay constitutes a violation of due process, we consider four factors: (1) the length of the delay, (2) the reason or justification for the delay, (3) whether and to what extent the appellant demanded a more rapid appeal, and (4) any prejudice resulting to the appellant by the delay. *Id.*; *Jenkins*, 2003 Tex. App. LEXIS 7567, at *8; *Sparkman*, 634 S.W.2d at 84. The prejudice inquiry is the most important factor because a due process violation cannot be established absent a showing of prejudice to the appellant. *Coutta*, 385 S.W.3d at 651; *Jenkins*, 2003 Tex. App. LEXIS 7567, at *9. Courts have identified three types of prejudice that can arise from appellate delay: (1) oppressive incarceration pending appeal, (2) anxiety and concern while awaiting the outcome of the appeal, and (3) impairment of the appellant's grounds for

appeal or of the viability of his defense in case of a retrial. *Coutta*, 385 S.W.3d at 651; *Jenkins*, 2003 Tex. App. LEXIS 7567, at *9.

In the present case, this Court did not receive Appellant's notice of appeal until approximately five and a half years after he timely filed it with the trial court's clerk. The record does not identify any reason or justification for the delay. However, the record also does not demonstrate that Appellant took any action to demand a more rapid appeal.

Appellant has failed to establish how he was prejudiced by the delay. Appellant was not incarcerated during the delay as he has been free on an appeal bond since September 27, 2019. Appellant does not explain how the delay caused him anxiety or concern. Rather, in his brief, Appellant indicates that he simply moved forward in his life as if this case was not pending. Finally, the record does not reflect that the delay has impaired the grounds for Appellant's appeal or the viability of his defenses in the event of reversal and retrial. In its motion to proceed to adjudication, the State alleged that Appellant committed four violations of the terms of his community supervision. Appellant testified that, during the time he was on community supervision, he (1) tested positive for methamphetamine, ecstasy, and marijuana; (2) failed to complete any of the ordered 240 hours of community service; and (3) failed to report to his community supervision officer.[3] The trial court had before it sufficient evidence to adjudicate Appellant's guilt based on any one of these admitted violations. *See Velasquez v. State*, No. 07-25-00093-CR, 2025 Tex. App. LEXIS 8147, at *6 (Tex. App.—Amarillo Oct. 22, 2025, no pet. h.) (mem. op.,

---

[3] Appellant claimed that he regularly reported to his bail bond company but did not realize he also had to report to his CSO.

4

not designated for publication) (citing *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980 (op. on reh'g), and *Taylor v. State*, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980)). We further note that Appellant made no attempt to identify any grounds for his appeal, let alone how the delay of his appeal has impaired those grounds. Because Appellant has not established that he was prejudiced by the delay in the processing of his appeal,[4] we cannot say his due process rights have been denied. *Coutta*, 385 S.W.3d at 651; *Jenkins*, 2003 Tex. App. LEXIS 7567, at *9. We overrule Appellant's four issues.

## CONCLUSION

Having overruled Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Publish.

---

[4] Appellant contends that he has not been afforded the opportunity to put on the record how the district clerk's delay in forwarding his notice of appeal to this Court has caused him prejudice. He seeks a remand to the trial court for this purpose. We note that Appellant cites no authority that would permit us to remand this case to the trial court for this purpose. However, Appellant may develop such a record by filing an application for a writ of habeas corpus. *See Ex parte Martinez*, No. PD-1801-10, 2011 Tex. Crim. App. Unpub. LEXIS 490, at *4 (Tex. Crim. App. June 29, 2011) (not designated for publication) (Cochran, J., concurring) (allegation of due process violation not existing at time of appeal requires filing of writ to develop record).

5